320 So.2d 227 (1975)
Harrison PRINCE, Sr., et ux., Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 5143.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*228 Camp, Carmouche, Palmer, Carwile & Barsh by James E. Williams, Lake Charles, for defendant-appellant.
Nathan A. Cormie and Assoc. by Ronald J. Bertrand, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and BEER, JJ.
BEER, Judge.
A jury trial on February 12 and 13, 1975 in the Fourteenth Judicial District Court for the Parish of Calcasieu resulted in a verdict for plaintiffs Barbara Prince and her husband Harrison Prince, Sr. in the amount of $7,500.00 for personal injuries occasioned to Mrs. Prince and special damages in the amount of $2,000.00 incurred by Mr. Prince as a result of an automobile accident which occurred in Lake Charles at about 10:30 p. m. on August 14, 1974.
Defendant, Travelers Insurance Company appeals specifying that the jury failed to give the proper weight to the testimony of various witnesses; made an excessive award; and that the trial court erred in permitting the investigating police officer to testify as to his opinions and conclusions notwithstanding defense counsel's objections when that testimony was dispositive of the ultimate issue of liability.
We conclude that the first two contentions are without merit since the jury was properly instructed on the issues of credibility, weight and sufficiency of evidence and quantum and will focus our attention on the final specification which was well briefed and well argued by able counsel for both parties.
On the evening of the accident Mrs. Prince was driving her 1970 Volkswagen east on Broad Street. Near the intersection of Broad and Eighth Avenue defendant's insured Robert J. Chamberlain was driving a pickup truck owned by his then employer, Cajun Power Erectors in the same direction but ahead of Mrs. Prince. He made a "wide"[1] right turn into the parking lot adjacent to Phil's Lounge, his intended destination. Mrs. Prince, suddenly confronted by the "wide" right-turning pickup truck crossing her lane of traffic couldn't stop in time, reached for her baby who was the only passenger in her car and struck the pickup truck just about in the middle of its right side with the left front portion of her Volkswagen.
When Lake Charles Police Officer Allen J. Hebert got to the scene to investigate the accident, the vehicles were still in the collision position. Chamberlain, his passenger Jerome W. Guidry, and Mrs. Prince, were, apparently, the only witnesses. Clearly then, the police officer's testimony was important to the jury, even though he was not an eye witness to the collision, since his description of the location of the vehicles, the presence of debris, the extent of the apparent damage, the damage location on the vehicles, etc. would be persuasive as to the mechanics of the accident itself. Testimony was properly elicited from Officer Hebert on these factual issues. *229 Also, he was instructed by the trial judge to testify ". . . only of those things that you have personal knowledge of, not conclusions or opinions you might have."
But, in spite of this the following exchange did take place in the course of Officer Hebert's testimony:
By plaintiff's counsel:
"Q: Now, Officer, Mr. Williams had asked you your opinion as to certain factors here. Let me ask you this: From the physical factors as you found them at the scene, is the position and angle with which the pickup truck struck, that being at a pushing forward atjust in front of the back wheel toward the cabthe area where you feel the vehicles come together?
A: Yes, sir.
Q: And at that point would the pickup truck have been crossing the proper lane of the Volkswagen?
MR. WILLIAMS: Objection, Your Honor. That's strictly a hypothetical question. He's asking . . .
THE COURT: Your objection is overruled.
Q: Alright, sir. I'll rephrase that.
A: Okay.
Q: At the point from the physical factors you concluded the vehicles come together, and at the angle and position shown, would the pickup truck have been crossing the lane of the Volkswagen at the time they first touched?
MR. WILLIAMS: Your Honor, I'm going to object. I think that's calling for an opinion on his part, he's not qualified as an expert. He's not offered as an expert. There's been no foundation laid for him to venture an opinion of this nature. He can testify as to the physical evidence he found out there.
THE COURT: The objection is overruled.
Q: Over the two objections now would you answer the question, please, sir?
A: Yes, sir. The way thatthe way I feel is that the way of the physical damage was, the damage to vehicle No. 2, that he was in a turning motion when he was struck by vehicle No. 1, which would be the Prince vehicle.
Q: And when he was in a turning motion what lane of traffic would he have been in considering the position of the Prince vehicle?
A: He could have been partially in the inside lane of traffic to make his turn.
Q: That is, are you saying thisI see this line is angled up . . . (Counsel indicates on diagram.)
A: Yeah.
Q: Are you saying this: That he might have been partially within this . . . (Indicating.)
A: Yes, sir, he might have been partially in that lane."
Officer Hebert was not an expert witness and the questions put to him in this exchange were improper. (See Baker v. D. H. Holmes Company, Ltd., 285 So.2d 282 at p. 286 (La.App. 4th Cir. 1973).
However, our attention is called to another exchange which took place in the course of Officer Hebert's testimony.
By defendant's counsel:
"Q: Were you able to tell from the physical evidence out there, based on your experience investigating these accidents, what the approximate speed, either from the physical evidence on and/or from talking to the witnesses, what the physical *230 speed of the Chamberlain pickup truck was?
A: I do not recall. It wasn't very fast. It was 15 or 20 miles an hour at the most."
Thus, the question is raised as to whether defense counsel's line of questioning put to this witness acts as a waiver of an estoppel to his overruled objections.
We need not answer that interesting question in this case for we conclude that the record fully supports the jury verdict and the improper questions put to Officer Hebert and answered by him do not constitute reversible error under the circumstances.
In Naquin v. Maryland Casualty Company, 311 So.2d 48, this court enumerated the following principles:
"When a review of the record indicates the trial court judgment is correct and that justice has been done, the judgment will not be overturned because of errors which did not affect the merits. LSA-C.C.P. 2165; Shows v. Williamson, 256 So.2d 688 (La.App. 2 Cir. 1972). When error is detected, it must be weighed to determine whether such error is harmless or prejudicial. Lauro v. Travelers Insurance Company, 261 So.2d 261 (La. App. 4 Cir. 1972). When there is evidence before the trier of fact which, upon reasonable evaluation, furnishes a factual basis for the trial court's finding, the appellate court, on review, should not disturb this factual finding absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973)."
In the application of these principles to this case, the question becomes whether or not the evidence is sufficient to support the jury's verdict notwithstanding the presence of the error in the record. The discussion then develops into sub parts; first, if there is evidence at all to support the essential elements of plaintiff's case; second, in those instances where there was conflicting evidence on essential elements, whether or not the jury's resolution of such conflicts was accomplished fairly and reasonably, and; third, if we are in a position to make a reasonable evaluation of conflicting testimony so as to resolve conflicts having disregarded inadmissible evidence, and, thus, avoided the error.
We believe the uncontroverted physical evidence clearly supports the plaintiffs' version of the accident. But, even more persuasive is the testimony of defendant's insured and his passenger, Guidry. Chamberlain admits that he "yielded over to the left" before making the right turn and Guidry acknowledges that Chamberlain made ". . . a wide right turn. . . ."
These admissions coupled with the position of the vehicles, the location of the damage from the impact, and the site of the debris leave little doubt as to the mechanics of this collision, without the need of giving any consideration to Hebert's inadmissible opinion testimony.
The judgment is affirmed at appellant's cost.
Affirmed.
NOTES
[1] "Wide" as used in this context denoting a swing (of some degree) to the left before execution to the right.