FORET, Judge.
This appeal arises from a successful action by the plaintiffs in setting aside certain sales by Orteria Bourque, now deceased, as simulations. The determinative issue is who bore the burden of proof as to whether the sale to Herschel Bourque was valid or simulated and whether any such erroneous ruling by the trial court harmed the appellants.
Mrs. Orteria Bourque was the mother of four children. In September of 1976, Mrs. Bourque conveyed by warranty deed certain properties located in Jefferson Davis Parish to two of her children, Maxim and Jessie, and to her grandson, Herschel Bourque, the issue of Maxim Bourque. The two remaining children, plaintiffs-appellees, sued to have these three sales annulled. A stipulation was entered into admitting that the sales to Jessie and Maxim Bourque were simulations. The sole dispute remaining was whether there was a valid sale to her grandson, Herschel. The trial court felt not, and accordingly, entered a judgment finding all sales invalid as simulations. Herschel has suspensively appealed from this decision.
As set forth in his opinion, the district judge found that the defendant had not proved the disputed sale was valid. This apparently cast the burden of proof directly upon the defendant by requiring that he initially come forth with evidence showing the transaction was not simulated. Appellant argues that the court committed reversible error by improperly placing the burden of proof upon Herschel Bourque. We agree that the precise wording of the opinion seems incorrect but, for reasons stated below, we find that any possible error was harmless and consequently we affirm the judgment of the trial court.
It is well recognized that because of their nature, simulations can normally only be proven by indirect and circumstantial evidence. To facilitate justice, our courts have held that:
“[if] one alleging a simulation produces evidence of circumstances which create highly reasonable doubts or suspicions as to the honesty of the transaction, a prima facie case is considered as having been made out, and the burden of proof is shifted to the defendant to show that a valid sale existed.” Smith v. Smith, 239 La. 688, 119 So.2d 827 (La.1960).
See also Ingram v. Freeman, 326 So.2d 565 (La.App. 3 Cir. 1976).
Although the trial judge’s opinion does not make it perfectly clear, he might have first found that the plaintiffs had presented a prima facie case, thereby shifting the burden to the defendant. It is possible at this point that the judge found that the defendant had not carried forth enough support for his position.
*650 Nevertheless, a careful examination of the evidence presented and the circumstances surrounding the “sale” support the conclusion that a presumption of simulation is appropriate in this case. The burden of proof now properly invoked upon the defendant, the result reached by the trial court is to be affirmed unless the defendant has sufficiently discharged that burden by removing most doubts of impropriety.
During the last years of her life, Orteria Bourque lived with Jessie and Maxim Bourque, who cared for her and attended to her daily needs. Mrs. Bourque’s contacts with the plaintiffs were very limited. It is also undisputed that Maxim Bourque handled her business and financial affairs during this period.
Appellant, Herschel Bourque, was employed by his father, Maxim, who owned and operated a water well drilling company. The recited consideration for the disputed sale was a check issued to Orteria Bourque, signed by Maxim and Herschel Bourque, and drawn on “Maxim’s Water Well Service.” The check, allegedly a loan from Maxim to Herschel, was endorsed, cashed and supposedly this money was deposited by Mrs. Bourque back into another “Maxim Water Well Service” account instead of her own account. (Tr., pgs. 113-116) From this point forward, the trial judge had serious doubts about what actually transpired.
The evidence showed that Mr. Maxim Bourque had complete control over Mrs. Bourque’s account. He stated that he paid this money out in providing services for his mother. He also admits that he made gifts. However, the lower court found that there “is no evidence that he paid anything for the care of his mother . . . ”
There was no substantiation that this transaction was any different than the other two stipulated to be simulations and paid by check in the same fashion. (Tr., 107-108 and 116). The trial court also found that “[tjhere is no evidence . . . [of a] loan from Mr. Bourque to his son, Herschel; there’s no evidence that this was ever repaid by Herschel to Mr. Bourque.” There are other factual findings made by the court which lead to the same conclusion. These findings are well supported by the record. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In conclusion, even if the trial judge initially cast the burden of proof upon the appellant, the result reached was correct since the defendant has not removed doubts as to the validity of the “sale”. This being so, any possible mistake would be harmless error, not sufficient to call for a reversal. Prince v. Travelers Ins. Co., 320 So.2d 227 (La.App. 3 Cir. 1975); Carlton v. Great Am. Ins. Co., 340 So.2d 678 (La.App. 4 Cir. 1976). To reiterate, the trial court may have actually applied the proper legal principles to this case, placing the burden of proof on appellant only after it was convinced that a presumption of simulation was warranted and that the burden had shifted to the defendant-appellant. In either case, the result is correct.
For the above reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.