182 So.2d 109 (1966)
SUCCESSION OF Mrs. Laura Marie LOPEZ, Widow of Albert J. ROUX, Sr.
v.
Dr. Edwin R. GUIDRY.
No. 2022.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
Rehearing Denied February 7, 1966.
Writ Denied March 30, 1966.
Anthony C. D'Antonio, Salvador Anzelmo, New Orleans, for plaintiffs-appellants.
Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., John F. Tooley, Jr., New Orleans, for defendant-appellee.
Bernard J. Capella, New Orleans, for defendant-appellee, Mrs. Agnes Roux Bush.
Before YARRUT, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
Plaintiffs, Albert J. Roux, Jr., Gladys Roux Baas, George J. Roux, Shirley Roux Canale, and Francis L. Roux, appeal from a judgment maintaining defendant's peremptory exceptions of prescription and peremption dismissing their suit. An additional plaintiff, the Succession of Mrs. Laura Marie Lopez, widow of Albert J. Roux, Sr., represented herein by its duly appointed and qualified administrator, Albert J. Roux, Jr., did not appeal from the judgment maintaining defendant's exceptions of no cause and no right of action against it.
The petition alleges the wrongful death of Mrs. Laura Marie Lopez, widow of Albert J. Roux, Sr., and mother of plaintiffs, allegedly brought about by inadequate and incompetent medical treatment administered by the defendant, Dr. Edwin C. Guidry.
The death occurred on January 2, 1963.
The original suit was filed on December 30, 1963 (within one year of the death) by Albert J. Roux, Jr., in his capacity as "the duly appointed and qualified administrator" of the succession of Mrs. Laura Marie Lopez, widow of Albert J. Roux, Sr., for damages suffered by the heirs of decedent because of the alleged wrongful death and prayed for judgment in favor of the succession.
Exceptions were filed as to the procedural capacity of the succession representative *110 to bring the suit, and as to the nonjoinder of necessary parties plaintiff. These exceptions were never passed on due to the filing of a supplemental and amended petition on May 14, 1964 (more than one year after the death), by which five of the deceased's children in their individual capacities joined the succession representative as plaintiffs, and three other children of the deceased were joined as defendants under the procedure provided by LSA-C.C.P. art. 644 by which unwilling necessary and indispensable parties may be required to assert their rights or be precluded thereafter from so doing.
At this point the exceptions now before the Court were filed and maintained.
Plaintiffs contend that the filing of the original petition by the administrator of the succession interrupted prescription and peremption in favor of all the heirs, that their supplemental and amended petition simply cured technical defects in the original petition, and dates back to the filing of the original petition.
Defendant contends that by the terms of LSA-C.C. art. 2315, the proper beneficiaries must file suit for wrongful death within one year from the death; that neither the succession nor the succession representative is a proper beneficiary; that the proper beneficiaries did not assert their claim until the filing of the supplemental and amended petition on May 14, 1964, more than one year after the death, and thus their claim has perempted.
The controlling question in this case is whether the one year time limitation prescribed in LSA-C.C. art. 2315 is one of peremption or prescription. We are firmly of the opinion that it is one of peremption. As stated by the First Circuit Court of Appeal in Miller v. American Mut. Liability Ins. Co., 42 So.2d 328:
"Although the attorneys for the litigants and the trial judge treat the plea as one of the prescription, it is our view that the limitation of one year fixed by the quoted Article is one of peremption rather than one of prescription. The difference between the nature and effect of these two pleas are succinctly stated in the footnote, 13 Tulane Law Review, page 39 as follows: `A period of peremption admits of no interruption or suspensions. The performance of the required act must be accomplished within the specified time at the peril of the party whose duty it is to perform such act. A period of prescription differs in that it may be suspended or interrupted for various reasons. The institution of suit interrupts prescription. La. Act No. 39 of 1932, McCoy v. Arkansas Natural Gas Co., 1936, 184 La. 101, 165 So. 632. But it does not affect peremption. McElrath v. Dupuy, 1847, 2 La.Ann. 520; Hyde v. Bennett, 1847, 2 La.Ann. 799; Murff v. Ratcliff, 19 La.App. 109, 138 So. 908 supra note, 93.'
"Again, in the case of Guillory et al. v. Avoyelles Ry. Co. et al., 104 La. 11, at page 15, 28 So. 899, at page 901, the Supreme Court of this State, stated: `When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.'"
Also see Blanke v. Chisesi, La.App., 142 So.2d 45; Romero v. Sims, La.App., 68 So.2d 154; Gabriel v. United Theatres, 221 La. 219, 59 So.2d 127.
*111 It is our understanding that LSA-C.C. art. 2315 contemplates two separate and distinct causes of action; one, the survival of an action for damages that an injured person would have had, had he lived, in favor of certain designated persons; and, two, a wrongful death action, in favor of those same persons, for the damage that they sustained as a result of the death. Of course, the measure of damages in each case is different, and whether the action is one of survival or wrongful death, only the parties specified by the statute as beneficiaries (in this case the children of the deceased) are entitled to bring the action.
The case before the Court is clearly a wrongful death action and unquestionably is a cause of action belonging to the parties in whose favor the statute creates it. The statute requires that the possessor of the right exercise it within one year of the death. If the cause of action is not exercised within that year, by the filing of suit, it ceases to exist.
All of the beneficiaries of the cause of action could have appointed one of their number to act as their agent and represent them in all matters concerning a particular piece of litigation, but such authority would have to be express and it does not appear to have been given in this case.
The succession representative first sought to assert the action for wrongful death; he had absolutely no right or authority to bring such an action. None of the beneficiaries of the statutorily created right of action, the children of the deceased, sought to exercise their right until after the one year time limitation had passed, thus their cause of action had ceased to exist.
Plaintiffs observe that several Court of Appeal decisions have allowed recovery to a succession administrator, citing Caldwell v. U. S. Casualty Company of New York, 129 So.2d 813; Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709; Perot v. United States Casualty Co., 98 So.2d 584, and Keith v. Royal Indemnity Company, 90 So.2d 534. A reading of these decisions reveals that in some cases survivorship benefits under LSA-C.C. art. 2315 were paid to administrators, but in no case were wrongful death benefits awarded to a succession representative.
Plaintiffs cite LSA-C.C.P. articles 1151 and 1153, dealing with the amending of petitions, and a number of cases in support of his position that their amended petition should relate back to the date of the original petition and thus save the action from extinction. Most of these deal with prescription and are inapplicable in view of our opinion that the one year time limitation involved here is one of peremption. The Code of Procedure articles referred to are, we believe, predicated on the assumption that the plaintiff is in Court (which, as we have seen, is not the situation in the case before us), and that both the original and the amending supplemental petitions assert one and the same right or cause of action.
Tate v. Norfolk and Dedham Mutual Fire Ins. Co., La.App., 153 So.2d 495, and McKay v. Southern Farm Bureau Casualty Company, La.App., 123 So.2d 658, two of plaintiffs' stronger cases, are subject to the same comment made with respect to the Code articles above. In the Tate case a father sued on his own behalf for damages he sustained from the injury of his minor son, and also as administrator of his son's estate for damages received by the son. The proper plaintiff was in court. In the McKay case the proper plaintiffs were in Court by pleadings filed within the one year period.
For the foregoing reasons the judgment of the Court below in favor of defendant-appellee, Dr. Edwin R. Guidry, is affirmed. All costs of this appeal shall be paid by plaintiffs-appellants.
Affirmed.