FRUGÉ, Judge.
Plaintiff brought this suit in the Parish of Lafayette, Louisiana, against Movible Offshore, Inc., and Travelers Insurance Company, alleging a maritime injury which occurred either in the Gulf of Mexico or Galveston Bay, approximately ten miles from the shoreline in navigable waters. (Petition paragraph III.) Plaintiff sought a direct action against Travelers Insurance Company, as insurer of Movible Offshore, Incorporated.
Travelers Insurance Company filed an exception of no cause or right of action, on the ground that, based upon his pleadings, the plaintiff had no right to bring a direct action against Travelers Insurance Company for an accident which occurred outside the State of Louisiana. This exception was sustained, dismissing Travelers Insurance Company from the suit. Plaintiff has perfected this appeal from the judgment sustaining the exception.
*380 It is the contention of Travelers Insurance Company that the plaintiff has not alleged sufficient facts to place himself within the context of the direct action statute, La.R.S. 22:655, the pertinent part of which reads as follows:
“ * * * This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana”.
In the lower court, defendants alleged that since the petition stated that the accident had happened outside of the state, the plaintiff had no cause of action under the direct action statute. Furthermore, in brief, they now allege that in the petition of plaintiff there was no allegation that the insurance policy was issued in this state.
Plaintiff has argued in his brief to this court, as he had argued below, that the cases of Webb v. Zurich Insurance Co., 251 La. 558, 205 So.2d 398 (1967) and Taylor v. Fishing Tools, Inc., 274 F.Supp. 666 (E.D.La.1967), establish a rule whereby if the insurance contract is issued in this state, an action may be brought directly against the insurer, even though the accident occurred outside the State of Louisiana. He further argues that if the petition must be made to state that the insurance policy was issued in this state this would return our procedural law to the technical state that it was in prior to the new code.
For the purpose of determining the issues raised by an exception of no cause of action, all well pleaded facts in the petition must be accepted as true.
Under the reasoning of the Webb case, supra it is evident that a simple allegation that the accident occurred outside the state would not be sufficient to negative a cause of action. If the policy was issued in this state, and this fact may be proved under the allegations of the petition, then the direct action statute will provide a cause for plaintiff.
In this case, plaintiff did allege the presence or coverage of an insurance contract. Paragraph two of the petition reads as follows :
“At all times material hereto Travelers Insurance Company was the insurer of said Movible Offshore, Inc., by virtue of the existence of an insurance contract, under the terms of which it did agree and bind itself in solido, jointly and severally with said Movible Offshore, Inc., in connection with the claim asserted herein.”
In the case of Acadia-Vermilion Rice Irrigating Co., v. Broussard, 175 So.2d 856 (La.App.3d Cir., 1965), this court said:
“ * * * As we stated in Babineaux v. Southeastern Drilling Corporation, La. App., 170 So.2d 518, ‘an exception of no cause of action must be overruled unless the showing affirmatively establishes that under no evidence admissible under the pleadings does the plaintiff have a cause of action; that is, unless the allegations’ showing excludes every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law.’ ”
See also Stanley v. Missouri Pacific Railroad Co., 179 So.2d 490 (La.App.3d Cir., 1965), and Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La.App.2d Cir., 1967).
By the wording of these cases, it is evident that the allegation in the petition that there was in existence an insurance contract, would allow plaintiff, in the trial of the case on the merits, to introduce evidence proving that a contract was issued in the state so as to allow him the use of the direct action statute.
We are far beyond the days when a simple fact susceptible of proof under *381 allegations of a petition would become a technicality upon which a plaintiff’s cause should be denied him.[1]
For the foregoing reasons assigned, the judgment of the district court maintaining the exception of no cause of action filed by defendant Travelers Insurance Company is reversed and the case is remanded to the district court for further proceedings. Costs of court to await final determination of the matter.
Reversed and remanded.

. The lower court was obviously unaware of the mandatory language of L.S.A.— C.C.P. Art. 934 (1960) which states as follows: “When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.” (Emphasis supplied.)