337 So.2d 1218 (1976)
Lanson P. HUE
v.
Wilbert BLANCHARD and Southern Farm Bureau Casualty Insurance Company.
No. 10855.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
*1219 Dale P. Martin, Lippman, Hunter & Rawls, Morgan City, for plaintiff-appellant.
E. Robert Sternfels, Triche & Sternfels, Napoleonville, for defendant-appellee.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for Southern Farm Bureau Cas. Ins. Co.
Before LANDRY, COVINGTON and PONDER, JJ.:
COVINGTON, Judge.
Plaintiff-appellant, Lanson P. Hue, brought this action against defendants-appellees, Wilbert Blanchard, and his liability insurer, Southern Farm Bureau Casualty Insurance Company, for damages for personal injuries sustained by him when he was struck by a vehicle owned and being operated by said insured. The trial court found in favor of the defendants, dismissing plaintiff's suit at his cost. We affirm.
The plaintiff contends that at approximately three o'clock on the morning of April 27, 1974, intending to go to his home, which was located off Louisiana Highway 70 in Pierre Part, he and Deloris Hue were walking easterly on the shoulder of Highway 70, a two-lane blacktopped road, when a car suddenly struck him from behind.
Deloris Ann (Martinez) Hue said that she was walking along with plaintiff, just holding hands and talking, when all of a sudden a car came off the road and hit him.
Wilbert Blanchard alleges that he was traveling on Highway 70 at a speed of approximately thirty-five miles per hour and saw the plaintiff and Deloris walking on the shoulder. He contends that when his automobile was a matter of feet away from the couple, plaintiff, who was walking nearer the highway, suddenly stumbled or ran onto the highway and struck his car. Gaulbert Blanchard, defendant's brother, who was riding in the vehicle, stated that he observed the plaintiff and Deloris Hue walking on the shoulder of the highway about one hundred and fifty feet ahead of them and that when the car was a short distance from the couple, plaintiff fell or ran into the side of his brother's automobile. Other than the Hues and the Blanchards, there were no eyewitnesses. The trial judge found that the insured's automobile did not leave the highway, that he was not guilty of any negligence and, therefore, the defendants are not liable to plaintiff. From the judgment dismissing his suit, the plaintiff has perfected this appeal.
Appellant essentially contends that the lower court erred in failing to find Blanchard guilty of negligence, finding the plaintiff guilty of negligence, and in failing to award plaintiff general and special damages. The trial judge in his oral reasons for judgment stated:
"I've come to the conclusion that this accident was caused through the negligence of the Plaintiff himself, and my principal reason for coming to that conclusion is that following the accident his body was still partially on the blacktop and on the gravel. Now, that's according to his own testimony, if you recall. Under those conditions, the Court cannot as a matter of physical evidence, conclude that Mr. Blanchard ran off, veered to the right, and hit the Plaintiff on the shoulder, in which case he would have been, as a matter of physics, knocked into the ditch; or, if he had been on the shoulder, he would have been knocked further down the shoulder, but, according to his *1220 own testimony, he was partially on the blacktop and on the shoulder of the highway. So the Court reaches the conclusion that the Plaintiff has not proven his case by a preponderance of the evidence, and for that reason the suit will be dismissed at his cost."
Appellant, in his brief, has reiterated the facts of this case and alleged that the trial court further erred in failing to find that appellee veered off the road, striking the plaintiff, and in not applying the doctrine of "last clear chance."
Trooper Thomas Mabile, of the Louisiana State Police, inspected the scene an hour and a half or two hours after the accident. He could find no physical evidence whatsoever to indicate that anything amiss had occurred, even though he, with others, walked back and forth "for at least 200 feet on either side of where they pointed out the accident had happened." Further, while the insured told him that Hue had "jumped into the side of his vehicle", Deloris Hue was noncommital. Of course, Hue was injured and in no condition to relate how the events occurred.
The question that was before the court was a fact question and it was decided against the appellant. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. The testimony relating to whether or not appellee drove his automobile off the blacktop and onto the shoulder striking appellant was conflicting. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellant court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Various inconsistencies between the testimony of Deloris Hue might well have been considered by the judge in his evaluation of her credibility. For example, in her deposition taken on October, 29, 1974, she stated that she had been married to Mr. Hue for a year and, in response to a question as to how much he had to drink the evening and night of the accident, she stated: "Well he drank quite a bit, but I can't judge about how much he drank." However, on trial of the case almost five months later, she testified that they had been together for two years but had never married and that he (Hue) had "a few" beers that night. Both she and Hue testified that they did not hear the car approaching from the rear, nor did they see the light from its headlamps.
The trial court alluded to the physical evidence and an acknowledgment by the appellant that he was partly on the black-top after impact, indicating to the judge that the appellant was on the road when struck.[1] The general rule is that where the testimony of the parties is irreconcilable, the physical facts surrounding the accident are to be accepted by the court as the determining factor; Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4 Cir., 1974).
Appellant objected to evidence being presented by appellees which showed appellant's blood to contain .20 gram per cent of alcohol. Appellant contends that the trial court erred in allowing the introduction of such evidence because the result of a gas chromatograph test do not present any presumption of intoxication in a civil proceeding. We do not find where the evidence prejudiced his position; the trier of *1221 fact did not base his decision on appellant's alleged intoxicated condition. His decision was based on other testimony including Hue's and the physical evidence. Obviously, the plaintiff did not prove his case by a preponderance of the evidence. An excellent definition of "preponderance of evidence" is contained in an article entitled "Anatomy of Proof in Civil Cases" by Chief Justice Sanders in 28 La.L.Rev. 297 (1968), at page 308:
"Proof by preponderance of the evidence requires the burdened litigant to persuade the trier of fact by sufficient evidence that the existence of the fact in issue is more probable than its non-existence."
See, also, Maguire v. Masino, 325 So.2d 844 (La.App. 4 Cir., 1975).
We find no error in the judgment complained of and, accordingly, the same is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The testimony referred to was:

"Q. After you got hit, where did you end up?
A. I was on the shoulder, and I wasmy head and all was laying on the blacktop, and my body was on the shoulder.
Q. When you got hit by this car, were you thrown any at all?
A. Yes, I was thrown four or five feet.
Q. In what direction?
A. The same way I was going.
Q. You were thrown forward?
A. Yes."