369 So.2d 240 (1979)
Lester Joseph MEADOUX, Sr., et al.
v.
Robert L. HALL et al.
Valerie Martin ROBOTTOM et al.
v.
Robert L. HALL et al.
Nos. 9796, 9797.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Writ Refused April 23, 1979.
*242 Daniel E. Becnel, Jr., Robert R. Faucheux, Jr., C. William Bradley, Jr., Barry J. Landry, Reserve, for plaintiffs-appellants.
McGlinchey, Stafford, Mintz & Hoffman, Donald A. Hoffman, John E. Galloway, New Orleans, for defendants-appellees.
Before GULOTTA, BOUTALL, and GARRISON, JJ.
GARRISON, Judge.
On June 9, 1976, Lester Meadoux, Jr. and Larry Robottom were killed in an explosion while working at Hooker Chemicals & Plastics Corporation in Taft, Louisiana. The parents of Lester Meadoux, Jr. and the wife of Larry Robottom filed wrongful death actions against certain executive officers of Hooker Chemicals and the corporation. The corporate employer was dismissed from the consolidated actions prior to trial.
The cases were tried before a jury which concluded that defendants White Fremin, Frank Thomas, Darryl Bonvillain and Banks Clark were negligent and that their negligence was the proximate cause of the explosion. Defendants Robert Hall and George Haas were also found negligent, but their negligence was not found to be the proximate cause of the explosion. Defendant Frederick Joseph was not found to be negligent. The jury awarded Mrs. Robottom a total of $239,500.00 (consisting of $220,000.00 for lost wages and $19,500.00 for loss of love and affection).[1] Mr. & Mrs. Meadoux were awarded $60,000 for loss of love and affection ($30,000 per parent). The plaintiffs filed a motion for additur which was denied. Plaintiffs and defendants have appealed. We affirm.
The issues on appeal are whether or not the parents of Lester Meadoux, Jr. properly stated a cause of action; whether the trial court erred in allowing testimony as to insurance coverage; whether the trial court erred in allowing evidence of an Occupational Safety and Health Administration (OSHA) citation which had been issued to the corporation; and quantum.
Defendants argue that the parents of Lester Meadoux, Jr. have no cause of action for the wrongful death of their son because their original petition was filed in their capacities as administrators of their son's estate. They amended their petition to sue in their individual capacities after the one year peremption period had elapsed. La.C.C. Art. 2315 provides a cause of action for wrongful death to certain named beneficiaries. It has been held that a succession representative of the decedent has no right of action to maintain a wrongful death action. Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir. 1966), writ denied 248 La. 1106, 184 So.2d 27.
In Roux, a wrongful death action was brought by the administrator of decedent's estate, the administrator being also a son of the decedent. More than one year after their mother's death five more children filed an amended and supplemental petition. This court held that the wrongful death action belongs only to the parties in whose favor La.C.C. Art. 2315 creates it. The succession representative had absolutely no right to bring the action.
The court also rejected the argument that the children's amended petition should relate back to the date of the original petition. La.C.C.P. Arts. 1151 and 1153.[2] "The *243 Code of Procedure articles referred to are, we believe, predicated on the assumption that the plaintiff is in Court (which, as we have seen, is not the situation before us), and that both the original and the amending supplemental petition assert one and the same right or cause of action." Succession of Roux v. Guidry, supra, at 111.
This is exactly what distinguishes Succession of Roux from the instant case. Here all the proper plaintiffs are before the court. Here it is not the plaintiffs who are challengedmerely their capacity. There have been several cases in which an amended petition in which a party sued in one capacity has been allowed to relate the corrected capacity back to the date of filing of the original petition. In Tate v. Norfolk and Dedham Mutual Fire Ins. Co., 153 So.2d 495 (La.App. 1st Cir. 1963), father who sued for injuries sustained by his minor son without stating his capacity as administrator could file an amended petition more than a year after the accident to assert his capacity. Such amendment would relate back. See also McKay v. Southern Farm Bureau Casualty Co., 123 So.2d 658 (La.App. 1st Cir. 1960), in which the court stated at 666, 667:
"In our opinion, the plaintiffs' rights under LSA-C.C. Article 2315 to be substituted for the deceased original tort-plaintiff were not extinguished by prescription and/or peremption, because within the requisite year pleadings were filed which (although imperfectly styled and imperfect in statement) fairly apprised the defendants of the right of the two named minors to be substituted for the decedent. Callendar v. Marks, 185 La. 948, 171 So. 86; Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488; Kansas City Fire & Marine Ins. Co. v. Hillman, La.App. 1 Cir., 118 So.2d 174; Angelette v. Hardie, La.App.Orl., 70 So.2d 196, 197; Reynolds Metal Co. v. T. L. James & Co., La.App. Orl., 69 So.2d 630; Smith v. Monroe Grocery Co., La.App. 2 Cir., 171 So. 167. As these cases hold, in such circumstances, even though the timely-filed initial proceedings are subject to dismissal due to imperfection in pleading, the court should properly permit an amendment thereof to supply the deficiencies (as did the trial court in the present instance), which amendment relates back to the date that the original pleadings were filed, for purposes of deciding whether a cause of action arising under LSA-C.C. Art. 2315 was filed within the peremptive year. See also Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225.
"In summary, the right of the minors Dolphus McKay, Jr., and Mattie Mae McKay to be substituted as parties plaintiff for their father who had died on June 21, 1957 was clearly sought by the proceedings filed on June 5, 1958. Although these pleadings were defective as to form and allegations and were therefore dismissed on exceptions, the trial court properly at the same time reserved the right of the plaintiffs to amend such proceedings. The substitution of the minors on October 2, 1958, pursuant to such reservation of the right to amend, relates back to the filing of the initial proceedings on June 4, within the prescriptive year, so that the minors' rights to be substituted was not extinguished by peremption or prescription."
See, as well, Lanis v. Illinois Cent. R. Co., 140 La. 1, 72 So. 788 (1916) wherein the court held that a widow who sued for damages under a state statute, could amend her petition to appear in the capacity as administrator under the Federal Employers' Liability Actand held also that her original petition prevented the tolling of the statute of limitations.
These cases point out that the essential consideration is that the defendant be apprised *244 of the cause of action in order for the amended petition to relate back.
It has been held that prescription is interrupted when the defendant is fully informed of the nature of the claim being asserted against him even though plaintiff may lack capacity to assert that claim. Nini v. Sanford Brothers, 276 So.2d 262 (La.1973). Although a peremptive period may not be suspended, Succession of Roux v. Guidry, supra, and cases cited therein, a later-filed petition by the same party in different capacities should be allowed to relate back, especially when the defendant is fully apprised of the nature of the action against him.[3]
Finally, in Paxton v. Ballard, 289 So.2d 85 (La.1974), these principles, applicable in the instant case, were observed:
"The Louisiana Code of Civil Procedure, rejecting procedural technicalities, adopts the salutary rule of liberal construction of pleadings.
"Article 5051 provides:
`The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.'
"Article 865 specifically directs:
`Every pleading shall be so construed as to do substantial justice.'
"These statutory imperatives plainly require a rule of reason in the construction of pleadings, designed to achieve justice between the parties.
"As this Court held in Succession of Smith, 247 La. 921, 175 So.2d 269 (1965):
`Harsh rules of pleading are not favored in this state. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. . .
`The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they really are, and not for what their authors designate them.'" 289 So.2d 85 at 87.
Applying the foregoing to the instant case, it is obvious that defendants indeed did receive proper notice of the cause of action pending against them. The proper parties were before the court. Their pleadings should be liberally construed to allow their amended petition to relate back to the date of the original petition, in that the amended petition only clarified the capacities of the plaintiffs.
Defendants' next specification of error was that the judge incorrectly allowed evidence of insurance coverage to be admitted when the insurer was not a party to the suit. They rely on Verret v. Travelers Ins. Co., 216 So.2d 379 (La.App. 3rd Cir. 1968), which held that the allegation in the petition of the existence of an insurance contract entitles the plaintiff to prove that the contract was issued in Louisiana and thus the direct action statute is applicable. This case clearly does not aid defendants. It has recently been held that it is not error for a jury to view the various insurance policies which afford defendants coverage. This in effect informs the jury as to the policy limits of the insurers. Ardoin v. Hartford Acc. & Indem. Co., 350 So.2d 205 (La.App. 3rd Cir. 1977), writ refused as to this issue La., 352 So.2d 706, 707; Domingue v. Continental Ins. Co., 348 So.2d 209 (La.App. 3rd Cir. 1977). In Louisiana the ability of a defendant to respond in damages is well established as a proper subject for jury consideration, State Farm Fire & Casualty Company v. Drost, 330 So.2d 393 (La.App. 3rd Cir. 1976). Considering the above jurisprudence, we hold that the mention of the *245 existence of insurance policies was not reversible error.
Defendants' final contention is that the trial court committed manifest error in permitting references to an investigation by the Occupational Safety and Health Administration (OSHA) and the resulting citation. This occurred while plaintiffs' counsel was cross-examining Dr. Morris Grotheer, an electrochemical expert who conducted an investigation into the explosion for Hooker Chemicals. The trial judge went on to explain to the jury:
"Ladies and gentlemen, it is admissible and so ruled by the Court that Hooker paid a fine to the Federal Government in the amount of $600 as Dr. Grotheer just testified to. But that it was paid according to their legal advice as a thrifty measure to deal with the citation; that the payment of the $600 fine was cheaper that contesting it. So they paid the fine for the citation, but they did so on what might be called by laymen, under protest, without admission of guilt. That was to be revealed to you later, but as long as the witness touched upon it let's get it over with and we do not have to hear any more about it. Let's move on."
The admission of this evidence was improper, but not prejudicial to the point of being reversible. Admission of hearsay evidence is not reversible error where, as here, the record contains ample other evidence on which the trier of fact could base its findings. Prince v. Travelers Ins. Co., 320 So.2d 227 (La.App. 3rd Cir. 1975); Hue v. Blanchard, 337 So.2d 1218 (La.App. 1st Cir. 1976).
Also in the instant case the trial judge effectively informed the jury that the payment of the fine was not an admission of guilt. See Geisler v. Louisiana Power & Light Co., 346 So.2d 339 (La.App. 4th Cir. 1977), where questions as to adherence to OSHA regulations were propounded and the regulations introduced. However, the trial judge correctly informed the jury that the regulations were not controlling. Even if the exposure was improper, this court held that it was harmless error. "The danger in allowing the introduction of irrelevant evidence is that such evidence might be misconstrued as proof of some fact which the evidence does not in fact tend to prove." Landry v. Adam, 282 So.2d 590, 596 (La.App. 4th Cir. 1973). In Landry, this court held that an automobile recall letter could not be used to prove the existence of a defect. However, even though it should have been excluded, there was ample other evidence to establish defects so that the introduction was not reversible error. Here there is no possibility that the reference to the OSHA citation and fine could tend to show negligence on the part of the defendants. The trial judge took the proper action and informed the jury that this did not constitute admission of any wrongdoing.
Plaintiffs have appealed seeking an increase in quantum. In brief counsel cites cases where greater awards have been made. Nevertheless:
"The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.' Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351, 352 (La.1974).
"The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity." Miller v. Thomas, 258 La. 285, 246 So.2d 16, 19 (1971).
A court of Appeal cannot disturb an award made by a trial court unless the record clearly reveals that the trier of fact abused its extensive discretion. La.C.C. Art. 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Anderson v. Welding Testing Laboratory, Inc., supra; Bitoun v. Landry, 302 So.2d 278 (La.1974); Fox v. State Farm Mutual Automobile Ins. Co., 288 So.2d 42 (La.1973); Walker v. Champion, 288 So.2d 44 (La.1973).

*246 "A reviewing court might well disagree with the amount of the award fixed by the jury, but it is not entitled to substitute its opinion for that of the trier of fact." Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 at 809 (La. 1974).
Therefore, we conclude the jury did not abuse its discretion in making these awards.
For the foregoing reasons the judgment appealed from is affirmed.
AFFIRMED.
BOUTALL, J., specially concurs.
BOUTALL, Judge, specially concurring.
I agree with the judgment but simply add to the specification of error concerning evidence of insurance coverage: since the jurisprudence permits a defendant to show his impecuniousness or inability to respond in judgment, that it is equally fair to permit evidence of the defendant's ability to respond in judgment.
NOTES
[1] Mrs. Robottom was only 21 years old and had been married to Robottom for only three years and nine months at the time of his death. Obviously, there is a very strong possibility of her remarriage.
[2] "A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001." La.C.Civ.Proc. Art. 1151.
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La.C.Civ.Proc. Art. 1153.
[3] See also, Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969). This article notes that La.C.C.P. Art. 1153 is practically identical to Federal Rule 15(c) as of 1960. The federal interpretations liberally apply the relation-back statute and the amendment relates back if the amendment changes the capacity of the parties. Also in this article Tate is very critical of the Succession of Roux v. Guidry, supra, decision, stating, "[T]he court's refusal to permit relation back not only flouts the express mandate of Article 1153, it also is contrary to earlier Louisiana jurisprudence holding the peremptive bar inapplicable under comparable circumstances." 43 Tul.Law Rev. at 236.