WATKINS, Judge.
Plaintiff, John Lovell & Company, filed suit against defendant, Sterling M. Bou-dreaux, Jr., for $2,845.00 allegedly due for accounting services provided for defendant. The trial court awarded plaintiff $2,717.00 plus attorney’s fees in the amount of $500.00, and defendant appeals.
In his three specifications of error, defendant contends that the trial court erred in: (1) awarding plaintiff $2,717.00 on the basis of the evidence presented; (2) admitting certain evidence; and (3) awarding attorney’s fees.
The record shows that defendant hired plaintiff in the latter part of 1980 to perform accounting work. The testimony is in conflict as to the extent of the work to be performed. While defendant contends he hired plaintiff to perform a projection of his 1980 tax liability and prepare the tax projection. After plaintiff completed the projection, it submitted a bill to defendant. When this bill was not paid, plaintiff brought this suit.
Defendant first contends that the trial court erred in awarding plaintiff $2,717.00 on the basis of the evidence introduced. The amount of an account is a question of fact on which the trial judge’s findings will not be disturbed absent manifest error. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La.App. 2nd Cir.1983).
John C. Lovell, C.P.A., testified that he worked approximately nine and one-half hours on the projection and that his hourly rate is $100.00. Deanna Posey, accountant, testified that she worked seventy and one-half hours on the projection. Mr. Lovell testified that the company charges $28.00 per hour for Ms. Posey’s services. Plaintiff also introduced into evidence Ms. Po-sey’s time sheets reflecting the dates and hours worked.
After reviewing the record, we cannot say that the trial judge’s finding as to the amount owed is clearly wrong.
Defendant next contends that the trial court erred in admitting into evidence plaintiff’s client ledgers. Defendant argues that the ledgers were hearsay because they contained a statement of hours worked by employees who did not testify at trial and the person who prepared the ledgers did not testify at trial. However, even if we disregard the ledgers, there is ample other evidence to support the trial court’s finding. The admission of hearsay evidence is not reversible error where there is ample other evidence on which the trier of fact could base its findings. Meadeaux v. Hall, 369 So.2d 240 (La.App. 4th Cir., 1979); writ denied 369 So.2d 1366 (1979). We therefore conclude that if the trial court erred in admitting the ledgers, such error was harmless error.
Defendant also contends that the trial court erred in assessing attorney’s fees based on LSA-R.S. 9:2781 because: (1) no “open account” existed; (2) the amount stated in plaintiff’s demand letter was incorrect; and (3) the bill submitted to defendant was insufficient to constitute an “invoice” under LSA-R.S. 9:2781. Because we find merit to defendant’s argument that no open account existed, we need not discuss his other contentions.
LSA-R.S. 9:2781 authorizes the assessment of attorney’s fees in suits on open accounts. At the time of trial, paragraph C. of that provision stated. [1]
“C. For the purposes of this Section, an open account shall include debts in *158 curred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis.”
We conclude that the debt involved in this case was not on an open account. Mr. Lovell testified that his firm was retained by defendant in late 1980 and that the extent of the engagement was to project defendant’s 1980 tax liability. He further testified that the firm completed the projection and billed defendant. In our opinion this falls short of proving that the services were “rendered on a continuing basis.” Therefore, the trial court erred in assessing attorney’s fees based on LSA-R.S. 9:2781.
For the above reasons, the portion of the judgment awarding plaintiff $2,717.00 is affirmed. The portion of the judgment awarding attorney’s fees is reversed. All costs of this appeal are to be shared equally by the parties.
AFFIRMED IN PART, REVERSED IN PART.

. Paragraph C. of LSA-R.S. 9:2781 was amended by Act 311 of 1983 to provide:
*158 "C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, ‘open account’ includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. 'Open account’ shall include debts incurred for professional services, including, but not limited to, legal and medical services.”