GASKINS, J.
 

 | tThe plaintiffs, Dock Hatter, Jr., Josez-ette Josephine White, Bobbie Jean Hatter Smith, and Pearl Hatter Biggs, individually and as executrix of the estate of Isaac Curtis Hatter, Sr., appeal from a trial court judgment sustaining an exception of prescription filed by one of the defendants in this matter, Lewis Louisiana Properties, L.L.C. The judgment effectively dismissed the plaintiffs’ claim of ownership of property in Claiborne Parish. For the following reasons, we reverse the trial court judgment and remand the matter for further proceedings.
 

 FACTS
 

 Isaac Hatter, Sr. (Isaac Sr.) was married to Steno Hatter (Steno), now Gillis. They had two children, Isaac Hatter, Jr. (Isaac Jr.), and Carolyn Hatter Curry (Carolyn). Isaac Sr. and Steno were divorced in California on November 10,1950. Isaac Sr. was living in California at the time of his death on April 21, 2003.
 

 On May 7, 2003, Isaac Jr. opened an intestate succession for his father in California. However, Isaac Sr. had executed a will on December 20, 2002. Isaac Sr. appointed his brother, Dock Hatter, Jr. (Dock), and his sister, Pearl Hatter Biggs (Pearl), as his personal representatives. After payment of his debts, he left the money in his bank accounts to be distributed evenly between his son, Isaac Jr., his daughter, Carolyn, and his living brother and sisters, Dock, Pearl, Bobbie Jean Hatter Smith, and Beulah Hatter Mouton.
 
 [1]
 
 He made dispositions of personal ^property and then made the following bequest concerning immovable property:
 

 I direct all property owned by me, located in Homer, Louisiana, Claiborne parish [sic] known as the Wake Hatter Estate be divided equally between my living brother and sisters, Dock Hatter, Jr., Beulah Hatter Mouton, Pearl Hatter Biggs and Bobbie Jean Hatter Smith. I direct Dock R. Hatter, Jr., and Pearl Hatter Biggs to oversee and make all final decisions concerning administration of this property. I direct one lot located in Pine Bluff, Arkansas to Dock R. Hatter, Jr.
 

 On September 19, 2003, Pearl filed a petition in California to probate the will. On January 14, 2004, Isaac Jr. filed a contest to the will, claiming that it was procured by fraud. On November 5, 2004, Isaac Jr. was removed as administrator of his father’s succession and Pearl was named the executrix.
 

 On December 28, 2005, Steno, Isaac Jr., and Carolyn filed a petition in Claiborne Parish for possession of Isaac Sr.’s immovable property, claiming that he died intestate and that his children were his only heirs. The only property listed as owned by the estate was that in Claiborne Parish and was described as follows:
 

 Undivided interest in and to the SE 1/4 and the SE 1/4 of the NE 1/4, LESS & EXCEPT the North 13 1/3 acres of section 29, Township 23 North, Range 6 West, Claiborne Parish, Louisiana, containing 183 and 2/3 acres, more or less, together with all and singular improve
 
 *358
 
 ments thereon and all rights thereunto belonging.
 

 An interest in and to the THE MINERAL LEASE in and to the TIGNER# 1-1, the TIGNER # 2, and the TIGNER # 3 situated on the above described property.
 

 The court in Claiborne Parish signed a judgment of possession on January 31, 2006, putting Isaac Jr. and Carolyn in possession of the |sClaiborne Parish property. The judgment was filed the next day. Isaac Jr. and Carolyn sold their interest in the property to Lewis Louisiana Properties, LLC (LLP) on October 23, 2006, for approximately $90,000.
 

 LLP then sought to recover mineral royalty payments from Petro-Hunt LLC, claiming entitlement to a 58 percent undivided interest in the property. On June 27, 2007, in another proceeding not at issue here, Petro-Hunt filed a concursus petition to deposit into the registry of the court $200,503.75, payable to any or all of the defendants claiming entitlement to royalties from the property sold by Isaac Jr. and Carolyn to LLP.
 
 [2]
 
 LLP filed a separate lawsuit for partition by licitation. Pearl, Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith filed for an injunction in that case to bar the partition until their rights of ownership to the property, as opposed to those of LLP, could be determined.
 

 On July 11, 2007, Pearl, on behalf of the succession of Isaac Sr., filed a petition for ancillary probate of a testament probated in another state. The court in Claiborne Parish ordered that Pearl be confirmed as the testamentary executrix after complying with the requirements provided by law.
 

 Shortly thereafter, on July 30, 2007, Pearl filed the initial pleading in this case as executrix of her brother’s estate, concerning the immovable property at issue here. She asserted a petitory action and sought to annul the | Judgment of possession, to cancel the judgment of possession from the conveyance records, to cancel the cash sale deed, and to collect damages. This pleading alleged that the judgment of possession was obtained by fraud and ill practices under La. C.C.P. art. 2004.
 
 [3]
 
 Isaac Jr., Carolyn, and LLP were named as defendants.
 

 A petition of intervention was filed on October 24, 2007, by Pearl, in her individual capacity, Dock, Beulah Hatter Mouton, and Bobbie Jean Hatter Smith, expressing their desire to intervene and join the suit filed by Pearl on behalf of Isaac Sr.’s succession, demanding the same relief against the same defendants. On April 14, 2008, the plaintiffs filed a second amended and supplemental petition making further allegations regarding fraudulent actions by the defendants.
 

 
 *359
 
 On April 15, 2008, LLP filed an answer to the petitory action, claiming that it was an innocent third party that relied on the public records and is the rightful owner of the disputed Claiborne Parish property.
 

 A third supplemental and amending petition was filed on November 7, 2008, by Pearl, individually and as executrix of the succession, Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith, claiming to be the owners of the immovable property.
 

 IfiA peremptory exception of prescription was filed by LLP on September 5, 2008, against Pearl, as executrix of the estate of Isaac Sr. Also on that date, LLP filed a motion for summary judgment on the grounds asserted in the exception of prescription.
 

 According to LLP, La. R.S. 9:5630 bars any action by a successor who is not recognized in a judgment of possession issued by a court of competent jurisdiction, from attacking a judgment of possession more than two years after the judgment has become final.
 
 [4]
 
 According to LLP, the judgment of possession became final, at the latest, on April 1, 2006. Therefore, LLP argues that any action by a person who is a successor of a deceased person not recognized as such in a judgment of possession, to assert an interest in immovable property against a third person who acquired an interest in the property by onerous title, prescribed two years from April 1, 2006.
 

 IfiLLP claimed that the action under La. R.S. 9:5630 can only be brought by the alleged successors named in the purported will and asserted that the estate of Isaac Sr. was not a proper party to attack the judgment of possession. Therefore, according to LLP, the original petition filed on July 30, 2007, did not interrupt prescription.
 

 LLP also argued that the petition of intervention filed by Pearl, Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith was not a proper intervention because it did not assert ownership of the disputed property. LLP argued that this pleading did not interrupt prescription.
 

 The trial court filed a judgment granting the exception of prescription on January 6, 2009. In oral reasons at the time of the ruling, the trial court stated that the exception was granted because two years had passed before the “proper” petition for intervention was filed.
 

 Motions for new trial and to annul the trial court judgment were filed in January 2009. In April 2009, the trial court found
 
 *360
 
 that the petition to annul the trial court judgment was not properly before the court. A judgment denying the motion for new trial was signed on May 4, 2009, and filed on June 5, 2009. Pearl, as executrix of the estate of Isaac Sr., appealed suspen-sively. Pearl, individually, along with Dock, Bobbie Jean Hatter Smith and Jo-sezette Josephine White, appealed devolu-tively.
 

 The plaintiffs essentially argue that the trial court erred in granting the exception of prescription, dismissing the plaintiffs’ claims. The plaintiffs argue that the trial court erred in finding that the executrix did not have the authority to bring a cause of action for the return of the property in 17Claiborne Parish that previously belonged to the estate of Isaac Sr. The plaintiffs contend that the trial court erred in granting the exception of prescription based upon a finding that the petition of intervention filed by the decedent’s siblings and legatees on October 24, 2007, did not interrupt prescription. We find that these arguments have merit.
 

 INITIAL SUIT BY SUCCESSION REPRESENTATIVE
 

 The plaintiffs assert that the trial court erred in finding that Pearl, as the executrix of the estate of Isaac Sr., did not have the authority to bring a suit for the return of the property in Claiborne Parish that previously belonged to the estate. The plaintiffs emphasize that the decedent’s interest in the Claiborne Parish property was sold during the administration of the estate in California.
 
 [5]
 
 Once Pearl, as the executrix, learned that the property had been sold, she filed the original petition in this matter on July 30, 2007. According to the plaintiffs, as the succession representative, the executrix had a fiduciary duty to collect, preserve, and manage the property of the succession.
 

 LLP claims that the trial court found that the estate of Isaac Sr. was not a “person who is a successor” under La. R.S. 9:5630. LLP maintains that the right to sue to claim property under this statute is a right belonging to a successor and not to the estate. Because the estate was not a successor, LLP argues that the original suit did not interrupt prescription.
 

 laDiscussion
 

 In the initial suit against the defendants, Pearl sued in her capacity as succession representative and claimed that the judgment of possession had been obtained by fraud and ill practices and sought the setting aside, or cancellation, of the deed which purported to sell the immovable property to LLP. Approximately three months later, a petition of intervention was filed by Pearl, in her individual capacity, along with her siblings, Dock, Beulah Hatter Mouton, and Bobbie Jean Hatter Smith, requesting to intervene in the original suit and demanding the same relief against the same defendants. Both the initial suit and the intervention were filed within the two-year prescriptive period under La. R.S. 9:5630 and asserted an ownership interest in the disputed property.
 

 LLP claims that the initial suit did not interrupt prescription because a suit under La. R.S. 9:5630 must be brought by a successor and not a succession representative. The jurisprudence of this state holds that failure of a party to file an original claim in the proper capacity does not prevent the petition from interrupting prescription. As to Pearl, the ini
 
 *361
 
 tial petition interrupted prescription even if her capacity was incorrectly stated.
 

 In
 
 Meadoux v. Hall,
 
 369 So.2d 240 (La.App. 4th Cir.1979),
 
 unit denied,
 
 369 So.2d 1366 (La.1979), the defendants argued that the parents of a decedent had no cause of action for the wrongful death of their son because their original petition was filed in their capacities as administrators of their son’s estate. They amended their petition to sue in their individual capacities. The court noted that the proper plaintiffs were before the court. |flThe only challenge was to the capacity in which they originally brought suit. The court found that the amendment of pleadings to state the proper capacity of the plaintiffs related back to the filing of the original petition. Prescription is interrupted when the defendant is fully informed of the nature of the claim being asserted against him even though the plaintiff may lack capacity to assert that claim.
 
 Meadoux v. Hall, supra.
 

 In
 
 Giroir v. South Louisiana Medical Center, Division of Hospitals,
 
 475 So.2d 1040 (La.1985), the court stated that where a plaintiff only seeks to change the capacity in which the action is brought, or in which the defendant is sued, because there is no change in the parties, and because all parties are on notice of the facts out of which the claim arose, an amendment will relate back to the date of the original pleading absent prejudice due to delay in filing.
 

 The purpose of prescriptive statutes is to afford a defendant economic and psychological security if a cause of action is not pleaded timely and to protect the defendant from stale claims and loss of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the prescriptive period.
 
 Gaines v. Bruscato,
 
 30,340 (La.App.2d Cir.4/8/98), 712 So.2d 552,
 
 unit denied,
 
 1998-1272 (La.6/26/98), 719 So.2d 1059.
 

 In the present matter, Pearl timely filed the original petition in this matter as the executrix of the estate of Isaac Sr. Later, in her individual capacity as a legatee of her brother, she joined in a timely intervention by hoher siblings who were the other successors under the decedent’s will to the disputed property. The intervention merely changed the capacity in which Pearl brought the action before the court and added her siblings. The original pleading, when read with the valid timely intervention by the successors, interrupted the running of prescription and gave LLP full notice of the claims made and the parties involved. Therefore, the original suit, filed on July 30, 2007, interrupted the running of prescription under La. R.S. 9:5630.
 

 VALIDITY OF THE INTERVENTION
 

 The plaintiffs contend that the trial court erred in sustaining the exception of prescription based upon a finding that the petition of intervention filed on October 24, 2007, by the decedent’s siblings was not a valid intervention and did not interrupt prescription. LLP claims that the plaintiffs’ pleading did not comply with the technical requirements of La. C.C.P. art. 1032 which specifies that an incidental demand, such as an intervention, is commenced by a petition containing the name and domicile of the parties, a concise statement of all causes of action, the supporting material facts, and a prayer for the relief sought. LLP argues that the purported intervention only requested leave of court to file an intervention and did not claim ownership of the disputed property. LLP also maintains that the intervention did not set forth the domicile of the parties.
 
 *362
 
 Therefore, LLP contends that the pleading did not interrupt prescription under La. R.S. 9:5680.
 

 | nThe plaintiffs urge this court to look at the substance of their demand and not the technicalities. They cite La. C.C.P. art. 1091 which allows interventions and contend that, in their petition, they joined with the original plaintiff to demand the same relief against the defendants. The plaintiffs maintain that they were entitled to amend their pleadings to remove any defects as to form, and any defects were removed by the filing of their third supplemental and amending petition.
 

 Discussion
 

 La. C.C.P. art. 1091 provides:
 

 A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
 

 (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
 

 (2) Uniting with defendant in resisting the plaintiffs demand; or
 

 (3) Opposing both plaintiff and defendant.
 

 This court has previously taken a liberal view of interventions.
 
 Williams v. Jefferson,
 
 586 So.2d 666 (La.App. 2d Cir. 1991). For an intervention, it is sufficient that the intervenor have a justiciable right related to or connected with the object of the pending action against one or more of the parties thereto. To enforce this right, the intervenor may proceed in one of three ways listed in the code article.
 
 Bellow v. New York Fire and Marine Underwriters, Inc.,
 
 215 So.2d 350 (LaApp. 3d Cir.1968).
 

 | ]j>LLP claims that the pleading is not a valid intervention because the domicile of the parties is not listed and the prayer requests only leave of court to intervene. According to LLP, all that was achieved by this pleading was the granting of leave of court to intervene, but no true intervention asking for relief against the defendants was filed until the third supplemental and amending petition filed by Pearl, Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith on November 7, 2008. LLP maintains that this pleading was the first valid filing by the successors of Isaac Sr. seeking to assert their ownership rights to the immovable property against the third party, LLP. LLP urges that this filing was made after the running of the two-year prescriptive period of La. R.S. 9:5630.
 

 We find that the intervention filed by Pearl in her individual capacity, along with Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith was a proper intervention. The intervention was filed on October 24, 2007, within the two-year prescriptive period at issue here. The pleading notes that on July 30, 2007, Pearl, in her capacity as executrix of the estate of Isaac Sr., filed a petition for recognition of immovable property, to annul the judgment of possession, to cancel the judgment of possession from the conveyance records, to set aside the cash sale deed, and for damages against the defendants. The second paragraph of the pleading states that “Petitioners desire to intervene in the above Petition to join the plaintiff in demanding the same relief against the same defendants.” When read with the original petition, this pleading clearly put the defendants on notice that the successors of Isaac Sr., who were bequeathed the disputed property in | ishis will, were joining in the original demand to set aside the judgment of possession in favor of Isaac Jr. and Carolyn, and to annul the sale of the property to LLP, based upon the fraud and ill practices of Isaac Jr. and Carolyn.
 

 
 *363
 
 The prayer on the intervention requests leave of court to intervene but, as explained by the plaintiffs’ attorney, this was done as a mere formality. An intervention is an incidental demand. Under La. C.C.P. art. 1033, an incidental demand can be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. In this case, the intervention was filed before the answer to the principal demand. Therefore, leave of court was not required.
 

 Older jurisprudence held that the character of a pleading is determined by the prayer for relief rather than by the allegations therein. However, the Louisiana Code of Civil Procedure now espouses the theory of fact pleading, whereby a party may receive any relief to which he is entitled under the factual pleadings and evidence.
 
 Stonebridge Development, LLC v. Stonebridge Enterprises, LLC,
 
 42,039 (La.App.2d Cir.4/4/07), 954 So.2d 893,
 
 writ denied,
 
 2007-0963 (La.6/22/07), 959 So.2d 508.
 

 A party may be granted any relief to which he is entitled so long as the facts pled gave the opposing party adequate notice of the existence of potential causes of action.
 
 Cameron v. Bruce,
 
 42,873 (La. App.2d Cir.4/23/08), 981 So.2d 204,
 
 writ denied,
 
 2008-1127 (La.9/19/08), 992 So.2d 940.
 

 | uThe failure of the plaintiffs to state the domicile of the parties is not fatal to their petition for intervention in this case. La. C.C.P. art. 926 provides that objections raised through dilatory exceptions include nonconformity of the petition with the requirements of La. C.C.P. art. 891. All objections which may be raised through the dilatory exception are waived unless pleaded therein. In this matter, no dilatory exception of failure to meet the technical pleading requirements was filed in the trial court and those objections are now waived.
 

 In this case, the intervention clearly provides that the plaintiffs are joining in the original petition and the pleadings assert a cause of action by persons who are successors of a deceased person, but have not been recognized in a judgment of possession rendered by a court of competent jurisdiction, claiming an interest in an immovable formerly owned by the deceased, against a third party, LLP, who acquired an interest in the immovable by onerous title from persons recognized as heirs of the deceased in the judgment of possession. Under the liberal view of interventions, we find that this pleading was, in fact, an intervention which was timely filed under La. R.S. 9:5630. Therefore, the claims asserted against LLP are not prescribed.
 

 REMAINING CLAIMS
 

 On appeal, the plaintiffs argued that the trial court erred in sustaining LLP’s exception of prescription based upon a finding that the third supplemental and amended petition, filed on November 7, 2008, did not relate back to the original petition filed by Pearl, as executrix on July 30, | |F,2007. They alleged that the trial court erred in failing to find that the exception of prescription was moot. They also claimed that the intervenors were not served with process regarding the exception of prescription and that the trial court erred in denying their motion for new trial. On November 2, 2009, Pearl, as executrix of her brother’s estate, filed an exception of no cause of action in this court, claiming that LLP did not have a cause of action against Pearl, as the executrix of Isaac Sr.’s estate, to assert an exception of prescription. She also filed an exception of nonjoinder of a party under La. C.C.P. arts. 641 and 642, claiming that Pearl, in
 
 *364
 
 her individual capacity, Dock, Josezette Josephine White, and Bobbie Jean Hatter Smith were necessary parties to the exception of prescription. On December 17, 2009, this court referred the exceptions of no cause of action and nonjoinder of a party to the merits of the appeal. Because we find that the plaintiffs’ claims against LLP have not prescribed, it is not necessary to consider these issues.
 

 CONCLUSION
 

 For the reasons stated above, we reverse the trial court judgment sustaining the exception of prescription on behalf of LLP. We find that the original petition filed by Pearl Hatter Biggs was valid and interrupted prescription. We find that the intervention by the siblings and successors of Isaac Curtis Hatter, Sr., claiming ownership of the disputed property was a valid, timely intervention. Therefore, the claims of Pearl Hatter Biggs, Dock Hatter, Jr., Josezette Josephine White, and Bobbie Jean Hatter Smith have not prescribed and the matter is remanded to the trial court for further | ^proceedings. Costs in this court are assessed to Lewis Louisiana Properties, LLC.
 

 REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . Beulah Hatter Mouton died during the course of the proceedings. Josezette Josephine White was substituted for her.
 

 [2]
 

 . The defendants in the concursus proceeding were: Pearl Hatter Biggs, individually and as executor of the estate of Lela Refrow H. Thompson, deceased, and as executor of the estate of Isaac C. Hatter, Sr., deceased; Carolyn Curry Hatter; Claudette Lee Grace George; Columbia Grace, Jr.; Eddie Grace; Jackie Gill Grace; Judy Ann Grace; Robert Lee Grace; Dock R. Hatter, Jr.; Isaac Curtis Hatter, Jr.; Bertha Grace Henderson; Annette Marie Grace Holland; Joseph Mouton, individually and as administrator of the estate of Beulah L. Hatter Mouton; Ribble Investment Company; Bobbie Jean Hatter Smith; Josezette J. White; Ronald B. Johnson; Kelly H. Johnson; and Lewis Louisiana Properties.
 

 [3]
 

 . La. C.C.P. art. 2004 provides:
 

 A. A final judgment obtained by fraud or ill practices may be annulled.
 

 B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
 

 C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
 

 [4]
 

 . La. R.S. 9:5630 provides:
 

 A. An action by a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession rendered by a court of competent jurisdiction, to assert an interest in an immovable formerly owned by the deceased, against a third person who has acquired an interest in the immovable by onerous title from a person recognized as an heir or legatee of the deceased in the judgment of possession, or his successors, is prescribed in two years from the date of the finality of the judgment of possession.
 

 B. This Section establishes a liberative prescription, and shall be applied both retrospectively and prospectively; however, any person whose rights would be adversely affected by this Section, shall have one year from the effective date of this Section within which to assert the action described in Subsection A of this Section and if no such action is instituted within that lime, such claim shall be forever barred.
 

 C. "Third person” means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.
 

 D. For the purposes of this Section, after thirty years from the date of recordation of a judgment of possession there shall be a conclusive presumption that the judgment was rendered by a court of competent jurisdiction.
 

 [5]
 

 . The record is unclear as to whether the succession proceeding in California is still open.