ELLIS, Judge.
These two consolidated cases arise out of an automobile accident which happened on December 19, 1960, at the intersection of North 9th and Laurel Streets in the City of Baton Rouge. The vehicles involved were an automobile owned by R. J. Darouse and operated by his wife, and a truck owned by O. K. Radiator Company, Inc., and operated by Andrew Mamón, Jr. The evidence shows that Mrs. Darouse was *128 heading South on North 9th, and Mamón was heading West on Laurel Street. The intersection of North 9th and Laurel is controlled by a stop signal suspended over the center of the intersection. Each of the parties to the accident claim that they entered the intersection on a green light, and that the other party ran a red light. The collision took place at approximately the center of the intersection.
In these cases, the trial judge found that the plaintiffs had not proven their case by a preponderance of the evidence and both were dismissed. From those judgments, plaintiffs have brought these appeals.
The testimony of the witnesses to the accident was substantially as follows:
Mrs. Darouse testified that when she was about a half a block from the intersection, she. noticed that she had a green light facing her and that as she entered the intersection, the light was still green. Dr. Victor B. Stassi, who testified on her behalf, was operating his vehicle in an easterly direction on Laurel Street and was a block and a half or two blocks West of the intersection when the accident happened. He testified that he saw that the light facing him was red at the time of the collision, and would necessarily have been red facing Mamón at the same time. Dr. Stassi’s testimony relative to Mamón was that he had come through a green light crossing 10th Street, approximately 150 feet East of North 9th, and that while he was traversing the 150 feet between that street and North 9th, the light turned to amber and red, and that it was definitely red when he entered the intersection. The testimony also revealed the fact that Mrs. Darouse was a sometime employee of Dr. Stassi, and that she worked in the same building with him. Dr. Stassi did not stop when he first passed the scene of the accident, and only returned thereto when he realized that one of the parties to the accident was an acquaintance of his. He came back to the scene and gave Mrs. Darouse a ride to her doctor’s office, but at no time gave his name to the investigating officer.
Mamón testified that he had stopped for a red light at 10th Street, and that when it turned green he proceeded to go through the intersection. He testified that the light was still green when he entered North 9th, and that Mrs. Darouse ran the red light and caused the accident.
Sammy Spears, who testified on behalf of Mamón, stated that he was standing at the corner of Laurel and North 9th and that he witnessed the accident. He cor-robated Mamon’s story in all respects. The evidence further reveals that Mamón was renting a room in Spears’ house and had been renting from him for about three or four years. Spears did not tell the police that he had witnessed the accident, and did not offer any assistance to Mamón at the time of the accident. He testified that Mamón didn’t know that he had seen the accident until he came home that evening.
The trial judge thought that Dr. Stassi’s testimony was questionable because of his distance from the scene of the accident, and because his version of when the light changed differed from that of Mrs. Dar-ouse. He further felt that the fact that Dr. Stassi failed to advise -the police officers that he had witnessed the accident cast some doubt on his testimony. He felt that Spears’ testimony was questionable because of the fact that he was well acquainted with Mamón, and yet failed to offer him any assistance or tell the officers that he had witnessed the accident. He also found that some of the testimony cast some doubt on the ability of Spears to see clearly and to distinguish color.
After carefully reviewing the record, we find we are faced with a situation in which each plaintiff and one supporting witness tell stories which are in direct contradiction. The trial judge, who heard the witnesses and observed their demeanor on the stand, was unable to accept the *129 version of the accident given by Mrs. Darouse and Dr. Stassi. The plaintiff in any case must prove his version by a preponderance of the evidence. In the opinion of the trial judge, the plaintiffs in these two cases did not do so, and we are unable to say that in reaching this conclusion he was manifestly erroneous.
The judgment of the trial court is, therefore, affirmed, with all costs of this appeal to be paid by appellants.
Affirmed.