MORIAL, Judge.
Plaintiff, James A. Martin, appeals from a district court judgment maintaining defendants’ plea of contributory negligence and dismissing his suit.
On December 22, 1973 plaintiff was injured in a vehicular collision with defendant, Mrs. Julia Richardson, at the intersection of Jackson Avenue and South Galvez Street in New Orleans. Plaintiff subsequently brought suit against the owner of the vehicle, Sidney Richardson, the driver, Mrs. Richardson, and their insurer, Allstate Insurance Company. Defendants answered alleging contributory negligence on the part of plaintiff. After trial on the merits, the trial court rendered judgment in favor of defendants. Plaintiff appeals. We affirm.
The accident occurred at approximately 8:00 P.M. at an intersection controlled by a 4-way stop sign. At the time of the accident, plaintiff was traveling south on Jackson Avenue and Mrs. Richardson was proceeding in an easterly direction on South Galvez Street. Mrs. Richardson testified that she arrived at her stop sign prior to plaintiff. She further testified that while stopped at the stop sign, plaintiff’s vehicle slowed as if intending to stop, and when she began to cross the intersection plaintiff speeded up in an attempt to beat her across and the collision resulted.
Plaintiff on the other hand, testified that he reached his stop sign first. He further testified that while he was stopped Mrs. Richardson pulled up to her stop sign and stopped, then rolled slowly forward and stopped again. Plaintiff stated that he then proceeded to cross the intersection and while in the process Mrs. Richardson started across. He stated he hit his horn, tried to brake and then the collision occurred.
The only other person to testify was a purported eye witness to the accident, John Knox. Mr. Knox testified that when he first observed the two cars they were both stopped at the intersection. He stated that plaintiff pulled off first and had. traveled about 20 feet when the other car pulled out about 5 to 8 feet and hit him. Mr. Knox, however, did not advise the police that he had witnessed the accident and although he admitted knowing plaintiff at the time of the accident and was only IS feet away from him, he did not stop and offer assistance.
After listening to all the witnesses, the trial judge discounted Mr. Knox’s testimony and concluded that the negligence of both drivers was the proximate cause of the accident. He found that both parties were required to stop and then proceed when it was safe to do so and that both parties did only one half of what they were obliged to do.
We believe that the judgment of the trial court is fully supported by the record. Plaintiff and Mrs. Richardson each claim the other caused the accident. Plaintiff presented the testimony of Knox in an effort to prove his case by a preponderance of the evidence. The trial judge found Knox’s testimony not to be credible stating: *553 Determinations of credibility of witnesses, being within the province of the trial judge, are not to be disturbed in the absence of manifest error. We find no such error here.
*552 “* * * Knox knew and was a friend of the plaintiff. He was allegedly an eyewitness to the accident, but he did not remain at the scene to identify himself to the investigating officers or to anyone else. He volunteered to the plaintiff his help and testimony and identified himself as having been an eyewitness to this accident some six months later when he and plaintiff happened to be talking about it. This Knox is allegedly a man who has witnessed within the last two years some 100 such accidents, both in New Orleans and out of the city. He is a professional truck driver and ought to know better than to be on the scene of an accident without identifying himself as an eyewitness to either the parties involved or the police.”
*553 Accordingly, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.

AFFIRMED.