369 So.2d 1120 (1979)
Myrtle Moseley PARKER et al.
v.
TRAVELERS INSURANCE COMPANY et al.
Jonathan PELLEGRIN et al.
v.
TRAVELERS INSURANCE COMPANY et al.
Nos. 12430, 12431.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Rehearings Denied April 16, 1979.
Writ Refused June 11, 1979.
Jules D. Boquet and Laddie L. Freeman, Houma, for plaintiffs and appellants.
*1121 Ronald C. Levy & David L. Morgan, Jr., New Orleans, for plaintiffs and appellees.
Edmund J. Connely, Houma, for defendant and appellant Jonathan Pellegrin, and plaintiffs and appellants.
Philip J. McMahan, Houma, for defendant and appellant Travelers Ins. Co. and Third Party defendant Clarence Parker.
Robert M. Johnston, New Orleans, for defendants and appellants Fireman's Ins. Co.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge.
These consolidated cases were occasioned by a head-on collision which occurred at or near the intersection of U. S. Highway 90 and Savanne Road in Terrebonne Parish, Louisiana, on June 8, 1975, at approximately 1:50 P.M. on a rainy Sunday afternoon.
Clarence Parker (Parker), accompanied by his wife, Myrtle Moseley Parker, was driving his 1966 Pontiac automobile in a southeasterly direction on Savanne Road, the inferior highway which intersects Highway 90. Jonathan Pellegrin (Pellegrin), accompanied by his wife, Anita Pellegrin, and his infant daughter, Tonia, was driving a 1964 GMC truck, owned by his father, Allen Pellegrin, in a easterly direction on Highway 90. Neither Parker nor Pellegrin sustained any noticeable injuries. The wives and the child sustained the injuries complained of in these two suits.
Jonathan Pellegrin, individually and as administrator of the estate of his minor child, Tonia, Anita Pellegrin and Allen Pellegrin brought suit against Clarence Parker and Travelers Insurance Company (Travelers), the liability insurer of the Parker vehicle, for the alleged personal injuries and damages. These named defendants filed a general denial, asserting that the accident was caused solely through the negligence of Pellegrin, and alternatively, a plea of contributory negligence. These defendants also filed a third-party demand against Pellegrin as a joint tortfeasor for one-half of any judgment rendered against them. Pellegrin filed a general denial to the thirdparty demand. Subsequently, these named plaintiffs amended to include Fireman's Insurance Company of Newark, New Jersey (Fireman's), the liability insurer of the Pellegrin vehicle, as a party defendant. Fireman's filed a general denial. Thereafter, Anita Pellegrin was substituted as party plaintiff to pursue the action on behalf of the minor child, Tonia, when Anita Pellegrin was awarded custody of the child.
Myrtle Moseley Parker brought suit against Jonathan Pellegrin and Fireman's, Pellegrin's insurer, and against Travelers, Parker's insurer, alleging that as a guest passenger in the Parker vehicle, she was damaged by the combined negligence of Parker and Pellegrin. The defendants herein filed a general denial. Mrs. Parker subsequently amended her petition to ask for uninsured motorist coverage under the Travelers' policy.
Following trial on the merits, the lower court found that plaintiffs, Myrtle Moseley Parker, Allen Pellegrin, Anita Pellegrin, individually and as custodian and natural tutrix for Tonia Pellegrin, had proved by a preponderance of the evidence that the defendant, Jonathan Pellegrin, and the defendant, Clarence Parker, were each negligent in causing the accident, and that the combined and concurrent negligence of Parker and Pellegrin caused the damages of the named plaintiffs. The trial court further found that Travelers Insurance Company was the public liability insurer of the vehicle driver by Clarence Parker and was liable to the plaintiff, Myrtle Moseley Parker, and solidarily liable with Parker to the plaintiffs, Allen Pellegrin and Anita Pellegrin, individually and as natural tutrix of the minor child, Tonia Pellegrin, and also found that Fireman's Insurance Company of Newark, New Jersey was the liability insurer of the vehicle owned by Allen Pellegrin and driven by Jonathan Pellegrin, and, as such, was solidarily liable with Pellegrin to the plaintiffs. Accordingly, the trial court rendered judgment in favor of Myrtle Moseley Parker against Travelers Insurance Company, Jonathan Pellegrin and Fireman's Insurance *1122 Company of Newark, New Jersey, in solido, in the amount of $25,000.00, but limiting the liability of Travelers to $10,000.00; judgment in favor of Allen Pellegrin against Fireman's, Parker, and Travelers, in solido, in the amount of $300.00; judgment in favor of Anita Pellegrin, individually, against Fireman's, Parker and Travelers, in solido, in the amount of $9,895.00; and judgment in favor of Anita Pellegrin, as the parent awarded the care, custody and control and tutorship of the minor child, Tonia Pellegrin, by virtue of a decree of legal separation from Jonathan Pellegrin, for the use and benefit of said minor child, against Parker, Travelers and Fireman's, in solido, in the amount of $2,500.00.
Thereupon, Pellegrin and Fireman's moved for a new trial. Myrtle Moseley Parker also moved for a new trial, as did Parker and Travelers. The district court denied the motions.
Thereafter, Pellegrin and Fireman's suspensively appealed the judgments. Travelers and Parker also took a suspensive appeal. Myrtle Moseley Parker answered the appeals, complaining of the limitation of liability on Travelers and the inadequacy of the award, inter alia. Anita Pellegrin, individually and as natural tutrix, answered the appeals, complaining of the inadequacy of the awards.
We are faced with a joint tortfeasor situation. There was a collision between the vehicles being driven by Parker and Pellegrin. As a direct result of this collision, the passengers, who are innocent third parties according to the evidence in the record of these consolidated actions, were injured. Either Parker, Pellegrin, or both caused the collision which in turn caused the injuries to the passengers of the two vehicles.
Our law is well settled that when an innocent third party, such as a guest passenger in a motor vehicle, is injured as a result of a collision between two drivers, each of the drivers is presumed guilty of negligence, and the burden of proof falls upon each to exculpate himself from negligence proximately causing the injury to the third party. Poche v. Frazier, 232 So.2d 851 (La.App. 4 Cir. 1970), writ denied, 256 La. 266, 236 So.2d 36 (1970); see also Michel v. State Farm Mutual Automobile Insurance Company, 314 So.2d 535 (La.App. 1 Cir. 1975).
To satisfy his burden, Parker testified the Pellegrin truck turned left from U. S. Highway 90 across Savanne Road in such a manner as to come into the Parker lane of traffic, causing the two vehicles to collide on Parker's side of Savanne Road. Parker said that Pellegrin "took the short cut" on him and caught the Parker car, pulling it and causing it to slip on over, with the vehicles stopping near the middle of the road.
On the other hand, Pellegrin testified the Parker vehicle crossed the center line of Savanne Road in a curve in such a manner that Parker lost control of his vehicle, failed to make the curve, and ran into the left side of the Pellegrin vehicle near the driver's door, knocking the Pellegrin vehicle onto the shoulder of the road with both vehicles stopping on Pellegrin's side of Savanne Road.
Trooper Morris testified he investigated the accident. He was not an eyewitness, so his testimony was concerned mainly with the position of the vehicles and the statements given to him by the two drivers. The trooper did observe fluids which had drained from the two vehicles in the Pellegrin lane of traffic. He gave the position of the Pellegrin truck as on the shoulder on the Pellegrin side of the road, with the Parker car substantially across the center line in the Pellegrin lane. He testified the accident occurred during heavy rain.
The trooper stated that Parker told him that he (Parker) was slowing down for the stop sign on his side of the road when Pellegrin turned into his traffic lane causing "him to collide in Parker's lane; that Pellegrin told him that he (Pellegrin) was traveling toward Houma on U. S. 90, blacktop side, and made a left turn onto Savanne Road, and that when he saw the Parker vehicle coming toward him in Pellegrin's *1123 lane, he tried to avoid a collision by taking to the shoulder, but that the Parker vehicle continued on and struck the left side of the Pellegrin truck. Pellegrin told the trooper the impact was in Pellegrin's traffic lane. Damage appeared to be primarily to the left front of each vehicle. Both were rendered inoperable by the collision.
Neither of the adult passengers of the two vehicles saw the collision, so their evidence can not corroborate the testimony of either driver. Havis, who testified for Pellegrin, was a friend of Pellegrin and arrived on the scene after the collision had occurred. He left almost immediately to take Mrs. Pellegrin and her infant daughter to the hospital. Thus, his testimony is not helpful to either party. Mr. Parker's two sisters and two cousins were in a car following some distance behind the Parker car. Although there was some testimony from them that the Pellegrin vehicle came into the Parker lane of traffic, they were not in a position to see the actual collision, which happened in a curve during heavy rain.
Considering all of the testimony and the evidence in the record, we find that both drivers failed to exculpate themselves from negligence and they were negligent in failing to main a proper lookout and in failing to keep their respective vehicles under control and in the proper lane of traffic, and that it was this concurrent negligence that was the proximate cause of the accident. Perry v. Law, 334 So.2d 523 (La.App. 1 Cir. 1976), writs denied, 337 So.2d 527, 529 (La.1976). The trial court did not err in finding both drivers guilty of negligence proximately causing the accident.
We thus agree with this conclusion of the trial judge. As the Supreme Court held in Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), when the actionable negligence of two tortfeasors contributes in causing harm to a third party, the tortfeasors are solidarily liable for the damage.
We now consider the damage awards made by the trial judge.
The award to Tonia Pellegrin through her natural tutrix was $2,500.00. At the time of the accident she was not quite one year old (10 ½ months). She was seated between her parents and was thrown forward by the collision, striking her head, causing a deep laceration of the forehead and a cerebral concussion. The cut required stitches to sew it up, with the stitches removed in six days. She was fortunate in that she received only minor injuries, and she is left only with a small scar in the hair-line which is hardly noticeable.
The award to Anita Pellegrin was $8,895.00. Mrs. Pellegrin was seated on the passenger side of the seat of the truck, but the impact caused her to strike the windshield near the steering wheel with force sufficient to break the glass. She sustained multiple lacerations of the forehead and nose, requiring 28 stitches to close (which were removed in six days). She was discharged 14 days after the accident from further medical treatment. At the time of the emergency treatment, she was given an antibiotic, a tetanus shot and vitamin C (to help the healing process) and local anesthetics for the suturing. She was also given medicine for pain. There is some testimony of glass particles still remaining in her forehead. She was left with several noticeable facial scars, which evidence some tenderness and itching. In the central forehead there were four scars, two of about four centimeters and two of about 1.5 centimeters. There were two scars, of one centimeter and five centimeters, over the right eyebrow, and one small scar on the bridge of the nose. A nice cosmetic result could be obtained by a sanding process (dermabrasion), which would cost about $500.00, but no such process has yet been performed or definitely scheduled.
Mrs. Parker was awarded $25,000.00. Her left leg and hip were injured in the accident. She also probably sustained a back injury as a result of the accident.
Dr. B. W. Hillman, the treating physician, testified that Mrs. Parker sustained contusions about the left hip and left leg, with radiating pain. She had symptoms consistent *1124 with a herniated disc, so he referred her to an orthopedist.
The orthopedist, Dr. Dexter A. Gary, examined Mrs. Parker and later took a myelogram, which revealed a herniated lumbar disc at L-4 and probably at L-5. Dr. Gary recommended surgery, which had not been performed at the time of the trial. He testified the surgery fee for such an operation would be $1,500.00. Future hospital costs would amount to an additional $1,500.00. Dr. Gary expressed the opinion that Mrs. Parker would have a permanent 10% disability of the body, with or without the laminectomy.
In considering the award for general damages, we will allude briefly to our duty as a reviewing court. We have come from the doctrine of uniformity of awards, Grissom v. Heard, 47 So.2d 108 (La.App. 1 Cir. 1950), through the philosophy of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), that previous awards should be used only as an aid in determining whether the trier had abused its "much discretion," LSA-C.C. art. 1934(3), to the current rule of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), which purports to clarify the Gaspard v. LeMaire admonition. Under the Coco doctrine, while we might modify the damage award of the trier if it is inadequate or excessive after a Gaspard examination, we must first find, in order to modify an award for general damages, an abuse of the trier's discretion, and then limit our modification to an increase or decrease so that it comes within our determination of the minimum or maximum amount which would not have constituted such abuse had it been granted by the trier. Using these principles and the evidence in the record, we can not say that the trier of fact, the trial judge, abused his "much discretion." Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La. 1974). Thus, we will not modify the award because of any abuse of discretion.
Moreover, Mrs. Parker's complaint that the judgment failed to provide for special damages is without merit. The trial court rendered judgment for a lump sum award in the amount of $25,000.00, which included both special and general damages. Likewise, the complaint that the judgment did not allow proper interest is without merit. A reading of the judgment reveals that legal interest is allowed on the entire award.
However, Travelers correctly complains that the awards exceed its policy limits of $20,000.00 per accident. The trial court limited the liability of Travelers to Mrs. Parker to $10,000.00, and left standing the sum of the awards to Anita Pellegrin, individually and on behalf of her minor child, Tonia, $12,395.00, they being $9,895.00 and $2,500.00, respectively. Because the total awards for personal injuries amounted to $22,395.00, each should be reduced proportionately.[1] Therefore, we limit the liability of Travelers as follows:

 $ 8,930.57 to Myrtle Moseley Parker
 8,836.79 to Anita Pellegrin, individually
 2,232.64 to Anita Pellegrin, on behalf of
 the minor, Tonia
 __________
 $20,000.00
 ==========

As amended, the judgment is affirmed at the cost of the appellants Parker, Travelers, Pellegrin and Fireman's said costs to be shared equally.
AMENDED AND AFFIRMED.
NOTES
[1] 20,000 20,000 20,000
That is, ------ × 10,000; ------ × 9,895; and ------ × 2,500, respectively.
 22,395 22,395 22,395