409 So.2d 1252 (1982)
Henry James MILLER, et ux., Plaintiffs-Appellants,
v.
R. F. LOWRY, et al., Defendants-Appellees.
No. 14738.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
Donald R. Miller, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley, by Harry A. Johnson, Jr., Shreveport, for R. F. Lowry, Mary A. Romanos and State Farm.
Wilkinson & Carmody by Arthur R. Carmody, Shreveport, for Insured Lloyds.
*1253 Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
Plaintiff appeals a judgment rejecting her demands for damages arising out of the daylight collision in 1976 between her automobile (a two-door Chevrolet Nova) and the automobile of defendant (a Toyota Celica) in a Shreveport intersection controlled by a traffic signal light. We affirm.
Plaintiff's version of the accident was that she was proceeding easterly in the northernmost eastbound lane of Stoner, a four-lane street, and that she was faced with a green light when the defendant, proceeding southerly on Fairfield in the westernmost southbound lane, collided the front of her vehicle with the door and left side of plaintiff's vehicle in the intersection.
Defendant's versions is that she stopped her vehicle at the red light, waited some 15 seconds and proceeded forward after the light facing her turned green and that plaintiff's vehicle drove in front of her when she was in the intersection.
When a green signal is exihibited to traffic, that traffic may proceed but is required to yield the right-of-way to other vehicles lawfully within the intersection at the time the green signal is exhibited. LRS 32:232(1)(a). Plaintiff's contention essentially is that defendant had a red light, but that even if defendant had a green light, defendant should have yielded to plaintiff, who was lawfully in the intersection at the time. Plaintiff contends that the trial court erred in holding that plaintiff did not prove her case by a preponderance of the evidence.
As between drivers of colliding vehicles, there is no presumptions of negligence. The plaintiff driver has the burden of proof. See Crier v. Marquette Casualty Company, 159 So.2d 26 (La.App. 4th Cir. 1963), writ refused. Compare the situation of a guest passenger. Parker v. Travelers Ins. Co., 369 So.2d 1120 (La.App. 1st Cir. 1979), writ denied.
Here the only testimony came from the two drivers who each claim to have been proceeding on a green light. The speed of the two vehicles was not estimated by these witnesses. The width of the intersecting streets was not shown. The timing and the sequence of the traffic signal was not shown. The position of the vehicles after the accident was not shown and the point of impact in the intersection was not estimated or shown.
Where the testimony is irreconcilable and the court does not suspect the credibility of either witness, physical evidence may be considered as controlling in determining the negligence issue in traffic accident cases. Hue v. Blanchard, 337 So.2d 1218 (La.App. 1st Cir. 1976) Where, as here, there is no significant physical evidence presented, the court must find that the proponent has failed to bear the burden of proving negligence by a preponderance of the evidence. Williams v. Bulk Transport, Inc., 266 So.2d 472 (La.App. 4th Cir. 1972). See also Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir. 1971).
From this record, one can find only that plaintiff's vehicle, proceeding easterly in the southernmost eastbound lane of Stoner, was struck at and behind the left front door by defendant's vehicle that was proceeding, from a stopped position, southerly in the westernmost southbound lane of Fairfield. We cannot deduce from the scant physical facts which driver had the green light, or for that matter, the red light, or perhaps a yellow light. We cannot deduce what the signal light was showing to whom or where either vehicle was at any given time with respect to the light and to the other vehicle.
The record supports the conclusion that plaintiff did not prove by a preponderance of the evidence that she had the green light while defendant had the red light or that plaintiff was lawfully in the intersection if or when the light facing defendant turned green.
At appellant's cost, the judgment is AFFIRMED.