567 So.2d 815 (1990)
Deborah D. FONTENOT, Plaintiff-Appellee,
v.
Joseph C. SOILEAU, et al., Defendants-Appellants.
No. 89-343.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*816 Clyde Fontenot, Ville Platte, for plaintiff-appellee.
Dauzat, Falgoust, Caviness & Bienvenu, Peter F. Caviness, Opelousas, for defendant-appellant.
Raymond LeJeune, Mamou, Gist, Methvin, Hughes & Munsterman, Charles LaCroix, Alexandria, Jerry Fisher, Baton Rouge, for defendants-appellees.
Before DOUCET, YELVERTON and KING, JJ.
YELVERTON, Judge.
This appeal arises from a finding of liability and an award of damages following an automobile accident. The trial court found the city of Ville Platte solely at fault in causing the accident. Ville Platte and its insurer, Audubon Indemnity Company, appeal the finding of liability, and the plaintiff, Deborah D. Fontenot, answered the appeal seeking an increase in the award. We leave the judgment undisturbed.
The accident happened on July 16, 1985. It occurred at the intersection of South Railroad Street and West Cotton Street. The intersection is a four-way-stop with stop signs on each corner. The plaintiff, Deborah D. Fontenot, approached the intersection traveling east on West Cotton Street. She stopped at the sign. The defendant, Joseph C. Soileau, who was approaching the intersection in a northerly direction on South Railroad Street, did not stop at his stop sign. His car hit Fontenot's car. Soileau maintains that he did not see the stop sign because it was obscured by an oak tree's limbs.
Seeking damages, Fontenot sued Soileau and his liability insurer, State Farm Mutual Automobile Insurance Company, her own uninsured motorist insurer, Champion Insurance Company, and the city of Ville Platte and its insurer, Audubon.
On this appeal Ville Platte argues that the trial court erred in finding that: (1) the city was negligent for failing to trim the tree limbs and that the overhanging branches were the proximate cause of the accident; (2) Soileau was not negligent; and (3) Fontenot was not contributorily negligent in causing the accident.
The findings of the trial court which are complained of on appeal are all factual findings not to be disturbed by us absent manifest error. Rosell v. Esco, 549 So.2d 840 (La.1989). For the following reasons we affirm the trial court's judgment.

Liability of Ville Platte
The trial court found Ville Platte 100% negligent, in that the sole legal cause of this accident was the overhanging branches which obscured the stop sign and prevented Soileau from seeing it before he entered the intersection.
The day of the accident it was raining. Soileau testified he never saw the stop sign. He was not much acquainted with the intersection having traveled the road only once or twice a year. He stated that the only car he saw stopped at the intersection was Fontenot's, so he thought he had the right of way.
The investigating police officer, Charles Ray Fontenot, testified that when he returned to the scene one or two days after the accident, he observed tree branches hanging over the sign. He continued by stating that as he got closer to the intersection the visibility of the sign became clearer. The city argues that since one could see the sign clearly from a certain distance and the fact that part of the sign was viewable at all times, it should not be liable. We disagree.
The city had a duty to keep signs completely clear and unobstructed at all times, not just at a certain distance. A driver should be able to look up and observe a *817 traffic sign on his first observation. He should not be required to continue looking for a traffic sign up until the point he enters the intersection. The facts strongly support the finding that the city breached its duty and that this breach was the proximate cause of the accident.
La.R.S. 9:2800 limits the liability of public bodies as follows:
§ 2800. Limitation of liability for public bodies
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
The city had at the least constructive notice of the hanging branches. Dr. James Foret, a horticulture expert, testified that it would take four year for the branches to grow to obscure the stop sign.
Mr. Roy Fontenot, street commissioner for Ville Platte, testified that he had no records that the branches had ever been cut before the accident or that any complaints were made concerning the hanging branches, but that he was unaware of the branches hanging over the sign. He testified that he had driven past this intersection many times.
In Briggs v. Hartford, 517 So.2d 1173 (La.App. 3rd Cir.1987), writ granted, 521 So.2d 1160 (La.1988); judgment modified, 532 So.2d 1154 (La.1988), this court stated that one is presumed to have constructive knowledge of a defect or dangerous condition when it is shown it existed for such a long time that knowledge thereof can be presumed, or that it can be said one should have had knowledge of the condition. In the instant case four years passed without trimming the trees. The city had constructive knowledge and we affirm the trial court's findings of liability of Ville Platte.

Liability of Joseph C. Soileau
The trial court found Soileau was not at fault. Soileau did not frequent the intersection to know it was a 4-way stop. The stop sign at the intersection of this street was obscured by overhanging branches. Not seeing the stop sign and seeing Fontenot's car stopped on the intersecting street, he proceeded through the intersection. There is no clear error in the trial court's finding.

Liability of Deborah D. Fontenot
We likewise agree with the finding that Fontenot was free of all negligence.
The jurisprudence has held that a motorist must do more than merely stop at a stop sign; the motorist is under the further duty to ascertain the traffic conditions and whether further proceeding can be made without danger. Thomas v. State Farm Insurance Co., 413 So.2d 293 (La.App. 3rd Cir.1982). It has been held that a motorist with knowledge of the location of a stop sign has the right to rely on the assumption that anyone approaching an intersection controlled by such a sign will observe it. Jolley v. Continental Southern Lines, Inc., 170 So.2d 114 (La.App. 2d Cir.1964); Ellis Electric Co. v. Allstate Ins. Co., 153 So.2d 905 (La.App. 1st Cir.1963); Droddy v. Southern Bus Lines, 26 So.2d 761 (La. App. 1st Cir.1946). The facts of the cases *818 citing this rule differ from the instant case in that they involve intersections with a right of way street and a less favored street. We see no reason why the rule should not also be applicable to a four-way stop sign situation.
After stopping at the intersection and observing the traffic sign, Fontenot should have been able to assume that Soileau, approaching on the intersecting street, would also observe his stop sign. It might be otherwise had Fontenot seen the Soileau vehicle approaching at an unusual speed or observed some other outward sign that would have put her on notice that Soileau was not going to obey the traffic signs. Fontenot testified that she stopped at the intersection and looked for oncoming cars. She testified that she saw Soileau approaching the intersection when he was half a block away, and that she assumed he would stop at the stop sign.
For the foregoing reasons we affirm the trial court's findings of liability concerning all parties involved.

Damages
The trial court awarded Fontenot damages in the amount of $66,017.54. After a close review of the record and the testimony, we cannot say that this award was abusively low.
Costs will be borne by the city of Ville Platte.
AFFIRMED.