WHIPPLE, Judge.
This case is before us on appeal from a judgment rendered in favor of defendants, State Farm Mutual Automobile Insurance Company (State Farm) and William Russell (Russell), and against plaintiffs, Debra Gui-dry and Frank Guidry, as administrator of the estate of their minor child, Christine Guidry. From this judgment, plaintiffs appeal. We affirm.
FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of an intersectional collision which occurred on February 2, 1990, at the intersection of Denham Street and Dutton Street in Baton Rouge, Louisiana, which intersection is controlled by a four-way stop sign. Plaintiff, Debra Guidry and her daughter, Christine Guidry, were passengers in a 1978 Plymouth automobile owned by Kenneth Garner (Garner) and being driven by Dan F. Morgan (Morgan). At the time of the accident, the Garner vehicle was insured by Automotive Casualty Insurance Company (Automotive Casualty). The accident occurred when the Garner vehicle, driven by Morgan, collided with a 1987 Mercury automobile, driven by William Russell and insured by State Farm.
Debra Guidry and Frank Guidry, as administrator of the estate of Christine Guidry, filed suit against Morgan, Automotive Casualty, Russell, and State Farm. Russell and his wife, Christine Russell, who was a passenger in the Russell vehicle, also filed suit against Garner, Morgan and Automotive Casualty.[2] Numerous incidental pleadings were also filed.
The Russells eventually dismissed their claims against Garner. On August 23, 1991, Christine Russell dismissed her claims against Garner, Morgan and Automotive Casualty.
*172 Debra and Frank Guidry also settled their claims against Morgan and Automotive Casualty and a judgment of dismissal was executed on October 2,1991. Finally, on December 12, 1991, William Russell dismissed his suit against the remaining defendants.
Trial was held on January 3, 1992. The trial involved the Guidrys’ claims against Russell only, as all other claims in the consolidated suits had been compromised. The following facts were revealed at trial.
At the time of the accident, the Morgan vehicle, in which Debra and Christine Guidry were passengers, was travelling east on Den-ham Street, approaching the intersection of Dutton Street and Denham Street. Russell was driving his 1987 Mercury southbound on Dutton Street, and his wife, Christine Russell, was a passenger. The Russell vehicle was likewise approaching the intersection.
The parties offered conflicting versions of how the collision occurred. Morgan testified that he came up to the stop sign and stopped. He observed the Russell vehicle approaching from the left. Morgan testified that the vehicle was getting ready to stop so he proceeded across the intersection at which time the collision occurred. Morgan stated that his front end caught the back right side of the Russell vehicle. Morgan testified that the Russell vehicle did not stop at the stop sign on Denham Street prior to entering the intersection.
However, on cross-examination, Morgan testified that after he stopped at the stop sign and as he went to “take off,” his drink fell from the dashboard and he reached for it. Shortly thereafter, the collision occurred. Morgan further admitted that at the time the accident occurred, he was looking down toward the floorboard to retrieve his cold drink, rather than looking ahead. Plaintiff, Debra Guidry, testified at trial that Morgan approached and stopped at the stop sign on Denham Street. However, according to plaintiff, the Russell vehicle failed to stop, proceeded through the intersection and collided with the Morgan vehicle. Plaintiff stated that the damage to the Russell vehicle was on the right rear, behind the back tire.
Earleen Lewis witnessed the accident between the Morgan and Russell vehicles. According to Lewis, the Morgan vehicle came to the stop sign and stopped; the Russell vehicle did not stop, but proceeded through the intersection; and the Russell vehicle collided with the Morgan vehicle. However, on cross-examination, Lewis admitted that from where she was standing, she would not have been able to see if the Russell vehicle had stopped even two feet before the stop sign.
The testimony of William and Christine Russell at trial was directly opposed to the testimony of Morgan, Debra Guidry and Lewis. William Russell testified that as he approached the stop sign on Dutton Street, he came to a complete stop. While stopped, Russell observed the Morgan vehicle approaching from the right approximately 75 to 100 feet away. Russell then proceeded through the intersection. Russell testified that when he had travelled approximately halfway through the intersection, the Morgan vehicle increased its speed and entered the intersection without stopping at the stop sign on Denham, resulting in the collision. Russell testified that he did not wait until the Morgan vehicle came to a stop before entering the intersection because Morgan was travelling at a normal rate of speed and he thought that Morgan would come to a stop at the intersection as required by the stop sign.
According to Christine Russell, her husband came to a complete stop at the intersection, and then proceeded through. Mrs. Russell stated that she also saw the Morgan vehicle approaching and thought he would stop at the intersection.
Following trial, judgment was rendered in favor of defendants, Russell and State Farm, and against plaintiffs, Debra Guidry and Frank Guidry, as administrator of the estate of Christine Guidry. The judgment dismissed plaintiffs’ claims with prejudice upon concluding that the accident was caused solely by the fault of Morgan.[3] From this judgment, plaintiffs appeal.
*173 DISCUSSION
On appeal, plaintiffs argue that the trial court was clearly wrong in failing to find actionable negligence on the part of Russell and in failing to award damages to plaintiffs.
In oral reasons for judgment, the trial court stated that the lawsuit involved a “classic four-way stop lawsuit” with contradicting versions of how the accident occurred, requiring the court to determine the credibility of the witnesses. The evidence herein supports the trial court’s credibility determinations and its finding of no fault on the part of Russell. Moreover, we agree with the trial court’s conclusion that the sole cause of the accident herein was the negligence of Morgan. In the absence of a showing of manifest eiTor, these reasonable evaluations of credibility and reasonable inferences of fact by the trial court will not be disturbed. See Miller v. Mahfouz, 563 So.2d 1223 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990).
As appellants correctly note, when innocent third parties, such as guest passengers in a motor vehicle, are injured as a result of a collision between two drivers, each of the drivers is presumed guilty of negligence and the burden of proof falls upon each to exculpate himself from negligence proximately causing injury to the third party. Parker v. Travelers Insurance Company, 369 So.2d 1120 (La.App. 1st Cir.), writ denied, 371 So.2d 1342 (La.1979). However, as the trial court properly concluded, Russell rebutted this presumption and exculpated himself from negligence proximately causing the injuries to plaintiffs. This conclusion by the trial court is amply supported by the record and is not clearly wrong.
When approaching a stop sign, a motorist must do more than merely stop. The motorist is under the further duty to ascertain the traffic conditions and whether further proceeding can be made without danger. Fontenot v. Soileau, 567 So.2d 815 (La.App. 3rd Cir.), writ denied, 571 So.2d 656 (La.1990). However, a motorist with knowledge of the location of a stop sign has the right to rely on the assumption that anyone approaching an intersection controlled by such a sign will observe it. Fontenot, 567 So.2d at 817.
Here, Russell testified that the Morgan vehicle was not approaching at an unusual speed, nor do we find any evidence in the record of any outward sign that would have put Russell on notice that Morgan was not going to obey the traffic sign. Russell stated that he stopped at the intersection and looked for oncoming vehicles. He testified that he saw Morgan approaching the intersection when he was approximately 75-100 feet away. Finally, Russell testified that he assumed Morgan would observe the stop sign, and he had' a right to make such an assumption.
The trial court’s conclusion that Russell did not breach the duty imposed upon him in traversing the intersection is amply supported by the record and is not clearly wrong. Russell has adequately rebutted the presumption of negligence.
Further, the trial court found that Morgan did not stop at the stop sign, and concluded that Morgan was solely responsible for the accident.
The record reveals that at some point, Morgan’s drink fell from the dashboard and he looked down to retrieve it. The physical evidence reveals that the Morgan vehicle impacted the Russell vehicle in the right rear. Also, the testimony adduced at trial indicates that the force of the impact caused the Russell vehicle to spin completely around. Based on this evidence, the trial court concluded that Morgan dropped his cold drink, looked down, and speeded through the intersection without stopping. This version of how the accident occurred is amply supported by the record. Thus, the trial court was not clearly wrong in finding that Morgan failed to stop at the stop sign at the intersection of Denham and Dutton Streets, and in concluding that the sole cause of the accident was Morgan’s failure to stop.
Plaintiffs’ assignment of error is without merit.
*174 CONCLUSION
Based on the above and foregoing, we affirm the judgment of the trial court dismissing plaintiffs’ claims against defendants, William Russell and State Farm Automobile Insurance Company. Costs of this appeal are assessed against plaintiffs, Debra Guidry and Frank Guidry, as administrator of the estate of his minor child, Christine Guidry.
AFFIRMED.

. On February 14, 1991, these cases were consol-¡dated in the lower court.

. The judgment signed by the trial court also dismissed Frank Guidry's claim for loss of consortium. We have reviewed the record herein and find no pleading wherein Frank Guidry was individually named as a plaintiff in the lawsuit or *173 whereby he asserted a claim for loss of consortium.