ItSTEWART, J.
This appeal arises from the 4th Judicial District Court, Parish of Ouachita, the Hon. John Larry Lolley, presiding. The plaintiff, Mrs. Bessie Lewis, was southbound on Catalpa Street and the defendant, Tamera Barnes, was westbound on Calypso Street in Monroe when their vehicles collided in the intersection. The trial court rendered judgment dismissing the plaintiffs claim. The plaintiff appeals, urging two assignments of error. We affirm.
FACTS
It is undisputed that on April 9, 1996, at the intersection of Catalpa Street and Calypso Street in Monroe, Ouachita Parish, the vehicles of the plaintiff and the defendant collided. The intersection is controlled by a traffic light. Both parties allege that they had the green light.
The trial court concluded that the plaintiff failed to carry her burden to prove each and every allegation of her claim to a preponderance of the evidence. Specifically, the trial court found that the plaintiff failed to prove that she had the green light and that neither of the plaintiff’s alleged eyewitnesses were credible.
FAILURE TO CARRY BURDEN OF PROOF
In the first assignment of error, the plaintiff urges that the trial court erred in finding that the plaintiff failed to prove that her signal light was green. The plaintiff, Mrs. Bessie Lewis, alleges that she was southbound on Catalpa Street and had a green light when the collision occurred in the intersection of Catalpa Street and Calypso Street.
However, the defendant, Tamera Barnes, counters that she was westbound on Calypso Street with the green light when their vehicles collided in the intersection.
An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error or unless the finding is clearly wrong. Lewis v. State, Through DOTD, 94-2370 (La.4/21/95), 654 So.2d 311; Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Lebeaux v. Newman Ford, Inc., 28,-609 (La.App. 2 Cir. 9/25/96), 680 So.2d 1291. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Lewis v. State, Through DOTD, supra; Stobart v. State, Through DOTD, supra; Lebeaux v. Newman Ford, Inc., supra. When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the instant case, both parties claim to have entered an intersection on a favorable light at the same time, which was an impossible situation. Both parties were alone in their vehicles at he time of the accident. The plaintiff would have us determine that her testimony was accurate and the various witnesses who gave contrary statements were in error. In addition to the testimony of the two parties to the lawsuit, the plaintiff called two alleged eyewitnesses to testify on her behalf. The two alleged eyewitnesses, acquaintances of the plaintiff, testified that a vehicle ahead of them passed through an intersection and was struck by another vehicle. However, the two alleged eyewitnesses, who were occupants of the same vehicle, gave conflicting testimony.
In furtherance, the investigating police officer testified that there was no physical evidence or statements of independent witnesses at the scene from which he could make a determination of fault. In fact, the only witness available at the scene was an off duty sheriff’s deputy who did not see the *343 accident or observe the phase of the traffic signal at the time of the accident. The deputy testified that he was walking across the parking lot of St. Francis Medical Center when he heard bthe collision. He looked up and had the vehicles in full view at all times as he walked to the plaintiffs car and that no other vehicle came through the intersection in the time it took him to reach the plaintiffs vehicle. He further testified that several minutes after the accident another vehicle pulled up beside the plaintiffs vehicle and the occupants hollered something to the plaintiff. Then the vehicle drove off without stopping at the scene.
The trial judge was not impressed with the testimony of the two alleged eyewitnesses. By contrast, the trial judge determined the sheriffs deputy to be a “totally credible independent witness”, competent and disinterested. Therefore, the court concluded that without any credible independent witnesses to the accident itself, that the court could not attach any greater weight to the claims of either party involved in the accident. Thus, the central issue presented on appeal is whether the trial court manifestly erred in finding that the plaintiff failed to satisfy the burden of proving her case by a preponderance of the evidence and that neither side proved the other’s negligence.
In vehicular collision disputes such as this, the plaintiff has the burden of proving her case by a preponderance of the evidence. If the litigant fails to satisfy the burden the litigant loses. Here, the evidence is truly in equipoise and the court cannot say who had the green light and who had the red light.
Under the circumstances reflected by the record in the instant case, neither party supported his claim that the other ran a red light by a preponderance of the evidence. In Martin v. Richardson, 332 So.2d 551, 553 (La.App. 4 Cir.1976), where the alleged eyewitness to the vehicular collision knew and was a friend of southbound motorist, but did not remain at scene to identify himself to investigating officers or to anyone else, the trial judge’s finding that the witness’ testimony in favor of southbound motorist was not credible did not constitute [¡manifest error. See Floyd v. Carter, 209 So.2d 124, 125 (La.App. 4 Cir.1968); and Darouse v. Mamon, 205 So.2d 127, 128-129 (La.App. 1 Cir.1967).
Likewise, we cannot say that the trial court was guilty of manifest error in its factual determinations and evaluations of the credibility of the witnesses. The trial judge, who heard the witnesses and observed their demeanor on the stand, was unable to accept their versions of the accident. Accordingly, the judgment will not be disturbed upon review.
APPORTIONMENT OF FAULT
In the second assignment of error, the plaintiff urges that the trial court erred in failing to assign some degree of fault to the defendant in causing the accident.
In apportioning fault, the trial court must consider “both the nature of the conduct of each party at fault and the extent of the. causal relationship between the conduct and the damages claimed.” Theriot v. Lasseigne, 624 So.2d 1267, 1275 (La.App. 3 Cir.1993); Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La.1985).
A trial court’s findings regarding percentages of fault are factual and will not be disturbed on appeal unless clearly wrong. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Baughman v. State, Through DOTD, 28,369 (La.App. 2 Cir. 5/8/96), 674 So.2d 1063. The Louisiana Supreme Court stated that “In reviewing determinations of proportionate fault, we have previously compared the respective degrees of duty of the various parties and degree of causation in the parties’ breach of their respective duties.” Socorro v. City of New Orleans, supra at 942.
In the instant case, the trial court concluded that “the plaintiff failed to prove negligence and causation to the required legal standard of preponderance of bthe evidence.” As between drivers of colliding vehicles, there is no presumption of negligence. The plaintiff driver has the burden of proof. Miller v. Lowry, 409 So.2d 1252, 1253 (La.App. 2 Cir.1982). We find that the record supports the conclusion that the plaintiff did *344 not prove by a preponderance of the evidence that she had the green light while defendant had the red light or that plaintiff was lawfully in the intersection if or when the light facing defendant turned green. Accordingly, the judgment will not be disturbed upon review.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is hereby affirmed, plaintiff to pay all costs.
AFFIRMED.