STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-387


DANA MATTE, ET AL.

VERSUS

IMPERIAL FIRE & CASUALTY INSURANCE CO., ET AL.


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70,288
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.


AFFIRMED.


Anthony C. Dupre
Attorney at Law
Post Office Drawer F
Ville Platte, Louisiana  70586
(337) 363-3804
Counsel for Plaintiffs/Appellees:
    Dana Matte
    Kristy LaFleur

Christopher P. Lawler
Donovan & Lawler
4640 Rye Street
Metairie, Louisiana  70006
(504) 454-6808
Counsel for Defendant/Appellant:
    Allstate Ins. Co.

**Karen Day White**
**Louisiana Municipal Association**
**700 North Tenth Street, Suite 440**
**Baton Rouge, Louisiana  70802**
**(225) 332-7631**
**Counsel for Defendant/Appellee:**
**City of Ville Platte**

**KEATY, Judge.**

Defendant, Allstate Insurance Company (Allstate), appeals a summary judgment in favor of its co-defendant, the City of Ville Platte (the City). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

This appeal involves a motor vehicle accident that occurred on August 20, 2008, when a vehicle driven by Michael Jenkins (Jenkins) struck a vehicle driven by Dana Matte (Matte) at the intersection of LaSalle Street and MacArthur Drive in Ville Platte, Louisiana. Delinda Lafleur (Delinda) and Kristy Lafleur (Kristy) were guest passengers in the Matte vehicle at the time of the collision. As a result of the injuries they sustained in the accident, Matte, Kristy, and Delinda (collectively referred to as plaintiffs) filed suit against Jenkins; Imperial Fire & Casualty Insurance Company, Jenkins' automobile liability insurer; and the City. Plaintiffs later amended their petition to add Allstate as a defendant in its capacity as the alleged underinsured motorist carrier of the plaintiffs' employer, Anthony C. Dupre' d/b/a Dupre' & Watson, L.L.C.

Plaintiffs' allegation against the City was that, at the time of the accident, the "traffic control device/stop sign" on MacArthur Drive was obstructed by foliage and caused Jenkins to enter the intersection without stopping and to strike the vehicle that plaintiffs were traveling in on LaSalle Street, the favored street with regard to the intersection. Plaintiffs claimed that the City's failure to properly maintain its right of way and to ensure the visibility of the stop sign in that right of way amounted to gross and flagrant recklessness, carelessness, and negligence.

The City filed a motion for summary judgment asserting that there were two traffic control devices at the intersection, a stop sign and a flashing red light, that were visible and properly maintained and that plaintiffs' injuries stemmed solely

from Jenkins' negligence. Plaintiffs did not oppose the motion. Allstate, however, did oppose the City's motion, asserting that numerous material issues of fact remained precluding the City's right to have summary judgment granted in its favor.

The motion came for hearing on October 18, 2010, and a judgment was signed on December 22, 2010, granting summary judgment in favor of the City and dismissing all claims against it with prejudice. Allstate now appeals, alleging as its sole assignment of error that the trial court committed an error of law in finding that the City bore no responsibility for the accident.

## DISCUSSION

> On appeal, summary judgments are reviewed d[e] novo. *Magnon v. Collins,* 98–2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). Judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

*Richard v. Brasseaux*, 10-409, pp. 2-3 (La.App. 3 Cir. 11/3/10), 50 So.3d 282, 285, *writ denied,* 10-2673 (La. 1/28/11), 56 So.3d 959.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66. "The purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to

2

see whether there is a genuine need for trial.'" *Id.* at 769 (citation omitted). The summary judgment procedure is favored and is "designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

Louisiana Revised Statutes 9:2800, entitled "Limitation of liability for public bodies," provides, in pertinent part:

> C. [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

A motorist's duty when approaching an intersection controlled by a flashing red light is to come to a complete stop, examine oncoming traffic, and determine whether he can safely travel through the intersection. *Thomas v. Midland Risk Ins. Co.*, 98-1950 (La.App. 3 Cir. 5/5/99), 731 So.2d 532, *writ denied*, 99-1580 (La. 9/24/99), 749 So.2d 634. *See also* La.R.S. 32:234(A)(1).

In order for the City to be held liable for plaintiffs' damages, Allstate had to establish that it will be able to prove that: (1) the City owned or had custody of the thing that caused plaintiffs' damages; (2) the thing was defective because of a condition that created an unreasonable risk of harm; (3) the City had actual or constructive knowledge of the defect and/or unreasonable risk of harm and failed to take corrective action within a reasonable amount of time; and (4) the defect in the thing was the cause of plaintiffs' damages. *See Fontenot v. Patterson Ins.*, 09-669 (La. 10/20/09), 23 So.3d 259 (where motorist came to complete stop at flashing red light, but proceeded into intersection before it was safe to do so, supreme court held that motorist's actions were a substantial cause of accident);

3

*Burnett v. Lewis*, 02-20 (La.App. 4 Cir. 7/9/03), 852 So.2d 519, *writs denied*, 03-2264, 03-2740 (La. 11/26/03), 860 So.2d 1134, 1141.

For purposes of its motion, the City admitted that the traffic control devices at the intersection where the accident occurred, i.e., the stop sign and flashing light, were in its custody and control. In addition, the City did not contest that it had actual or constructive notice of the alleged defect alleged by plaintiffs, i.e., that the stop sign on MacArthur Drive was obstructed by foliage.

Included in the body of the City's motion were two photographs taken just after the accident occurred from what, the City claimed, would have been Jenkins' vantage point as he approached the intersection. The City argued that the photographs showed that both the stop sign and flashing red light controlling MacArthur Drive at its intersection with LaSalle Street were visible from Jenkins' vantage point at the time of the accident. Attached to the City's motion were excerpts from the depositions of Matte, Delinda, and Kristy in which each identified the photographs as being accurate representations of the accident scene.

The City also attached to its motion an excerpt from Jenkins' deposition where he identified his wrecked vehicle and the tow truck in the two photographs relied upon by the City. According to the excerpt, the weather was beautiful on the day of the accident, and Jenkins, who was a carpenter, had been admiring the local architecture as he drove. Jenkins stated that as he was traveling on MacArthur Drive, trees blocked the stop sign and hid the view of the flashing red light as he approached LaSalle Street. Nevertheless, he estimated that he saw the flashing red light approximately five seconds in advance of the intersection. Jenkins explained that it was his understanding that a flashing red light did not indicate that a driver should stop, but rather it meant to use caution and to slow down.

4

In further support of its motion, the City submitted an affidavit from Cecil Green, the Street Commissioner for the City. There, Green stated that he was very familiar with the intersection in question and that he had never witnessed the foliage along MacArthur Drive obscure the ability of a southbound driver approaching LaSalle Street to see the flashing red light controlling the intersection. Green further stated that he had reviewed the photographs of the accident scene, and he verified that there was no foliage or other obstruction impeding a southbound driver's view of the flashing red light on the date of the accident.

In sum, the City argued that the evidence showed that even if the stop sign was blocked by overgrowth, its condition did not present an unreasonable risk of harm and was not defective because of the functioning and clearly visible flashing red light that also controlled the intersection. The City further argued that the accident was solely caused by Jenkins' inattentiveness and his failure to stop upon seeing the flashing red light. As such, the City requested that summary judgment be rendered and that it be dismissed from the lawsuit because Allstate would be unable to prove a defect or causation, both essential elements necessary to find the City liable under La.R.S. 9:2800.

In its opposition to the City's motion, Allstate attached Jenkins' entire deposition testimony which, it claimed, created genuine issues of material fact making summary judgment inappropriate. For one, Jenkins stated that he remembered there being "more blockage" of the stop sign and the flashing red light than depicted in the photographs attached to the City's motion. According to Jenkins, tree limbs from both sides of the street blocked his view of both the stop sign and the flashing red light until "it was too late." Allstate complained that a portion of Green's affidavit merely represented his opinion rather than facts upon

which to base a motion for summary judgment. It further argued that while Green's affidavit showed that he had no actual knowledge of any foliage blocking the flashing red light, the question of whether the City could be found to have had actual or constructive knowledge of foliage blocking either the stop sign or the flashing red light remained unanswered.

In granting the City's motion, the trial court remarked that it was familiar with the intersection where the accident occurred. It then declared that while the stop sign might have been somewhat shielded, Jenkins should nonetheless have seen the flashing light.

Plaintiffs' only allegation against the City was that Jenkins' view of the stop sign on MacArthur Drive was blocked by foliage, causing him to enter the intersection and to strike the vehicle in which they were traveling, and that the City was negligent in failing to properly maintain its right of way. Allstate did not file a cross-claim against the City to allege any further acts of negligence or fault. In its motion for summary judgment, the City admitted that it had custody of the stop sign and flashing red light and that it had notice of the allegedly defective stop sign. It then presented evidence that (1) the intersection was also controlled by a properly working flashing red light that was visible from Jenkins' vantage point as he approached LaSalle Street and (2) Jenkins admitted that he did actually see the flashing red light five seconds before he reached the intersection, but that he incorrectly believed that he only had to use caution and slow down rather than stop.

The City convincingly pointed out that Allstate would be unable to prove that the flashing red light was defective and/or that the defective stop sign caused the accident that injured plaintiffs. Under La.Code Civ.P. art. 966(C)(2), the

burden of proof shifted to Allstate to produce factual support that it could be able to show proof that the obscured stop sign caused plaintiffs' injuries.

We have completed a de novo review of the evidence offered in support of and in opposition to the City's motion for summary judgment. Although the two photographs offered by the City were taken from an angle to the right of where a driver traveling down MacArthur Drive toward LaSalle Street would have been seated in his vehicle on the roadway, the photographs clearly support the City's argument that the flashing red light was observable from Jenkins' vantage point. Moreover, Jenkins readily admitted to seeing the flashing red light approximately five seconds before he reached the intersection, and he acknowledged his belief that he did not have to stop at the intersection upon seeing that flashing light. Given that the law requires that a motorist confronted by an intersection controlled by a flashing red light to come to a complete stop, examine oncoming traffic, and determine whether it is safe to proceed through the intersection, which Jenkins clearly did not do, we are convinced that Jenkins' negligence was the cause of the accident that injured plaintiffs. *See Fontenot*, 23 So.3d 259; *Thomas*, 731 So.2d 532.[1] Because we have determined that Allstate could not be able to prove that the flashing red light was defective and that it caused the plaintiffs' damages, we do not reach the issue of whether the City had actual or constructive knowledge of any such defect. *See Fontenot*, 23 So.3d 259. Under the facts presented in this matter, the trial court did not err in granting summary judgment in favor of the City and dismissing all claims against it with prejudice.

---

[1]*But cf.*, *Fontenot v. Soileau*, 567 So.2d 815 (La.App. 3 Cir.), *writ denied*, 571 So.2d 656 (La.1990) (where motorist who ran a stop sign and struck the plaintiff's car testified that he never saw the stop sign because it was obscured by an oak tree's limbs, this court affirmed the trial court's finding that the City of Ville Platte was solely at fault in causing the accident).

**DECREE**

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the City of Ville Platte. All costs of this appeal are assessed against Allstate Insurance Company.

**AFFIRMED.**